## TOMMIE DOSSETT, JR. *v.* STATE OF INDIANA.

[No. 1-1073A173.  Filed February 28, 1974.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Glenn A. Grampp,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Tommie Dossett, Jr. was found guilty by jury of Second Degree Burglary.  His appeal raises two issues:

1.  Whether the trial court erred in refusing to grant defendant a brief continuance during the trial for the purpose of interviewing a State's witness.

2.  Whether the court erred in refusing defendant's Instruction Number 6.

The evidence revealed that early in the morning hours of November 18, 1972, the Sandleben Pharmacy in Evansville was burglarized.  The side door was forced open and several wristwatches and an undetermined amount of drugs were removed from the premises.  Testimony showed that Dossett

and Vernon "Toby" Crofts, after planning the burglary, were taken to the scene in a car procured by one Betty Johnson. She testified that as the two entered, Dossett carried a pillow slip and that she observed Crofts coming out of the pharmacy with a big box containing watches and saw Dossett leaving the building soon after with some bottles in his hand. Mary Johnson drove Dossett away from the scene and he then asked her to look for Crofts, who was located later.

## ISSUE 1.

During the presentation of State's case, Dossett's counsel asked the court for a fifteen minute recess for the purpose of interrogating State's witness Betty Johnson, pointing out that the court had previously allowed the prosecutor twenty-four hours to produce her. The trial judge refused a continuance, on the basis that several weeks had passed during which counsel had the opportunity to interview the witness.

Dossett contends that the trial court's ruling deprived him of the opportunity of ascertaining the mental condition of the witness. However, counsel was permitted to examine the witness in the absence of the jury before she took the stand and was permitted to cross-examine her extensively.

We are of the opinion that the request for a fifteen minute recess, while reasonable, was addressed to the sound discretion of the trial court and can only be reviewed for abuse of discretion. The rule is well stated in *Trinkle* v. *State* (1972), 153 Ind. App. 524, 288 N.E.2d 165 wherein the court said:

> "It is a well established rule that the granting of a motion for continuance not based on statutory grounds, as is the case here, is within the sound discretion of the trial court and that petitions for a continuance are not to be favored and will only be granted in the furtherance of justice on a showing of proper grounds. Miller v. State (1971), [256] Ind. [296], 268 N.E.2d 299; Carlin v. State (1970), 254 Ind. 332, 259 N.E.2d 870; Calvert v. State (1968), 251 Ind. 119, 239 N.E.2d 697."

· This rule was also applied in the same fashion in *Jay* v. *State* (1965), 246 Ind. 534, 206 N.E.2d 128 and *Johnson* v. *State* (1970), 254 Ind. 465, 260 N.E.2d 782.

Considering the circumstances in the case at bar and the law applicable thereto, we are of the opinion that no prejudicial harm resulted and the trial judge did not abuse his discretion.

## ISSUE 2.

Dossett next contends that the refusal of the trial court to give defendant's tendered Instruction No. 6 was error. This instruction read:

> "If, upon a fair and impartial consideration of all the evidence in the case, the jury finds that there are two reasonable theories supported by the testimony in the case, and that one of such theories is consistent with the theory that the defendant is guilty as charged in the affidavit, and the other is consistent with the innocence of the defendant, then it is the policy of the law, and the law makes it the duty of the jury, to adopt that theory which is consistent with the innocence of the defendant, and to find the defendant not guilty."

Failure to give a tendered instruction is not error where the refused instruction is covered by another proper instruction given. See *Blevins* v. *State* (1973), 259 Ind. 618, 291 N.E.2d 84; *Dillard* v. *State* (1971), 257 Ind. 282, 274 N.E.2d 387; *Sargeant* v. *State* (1970), 255 Ind. 252, 263 N.E.2d 525; *Lambert* v. *State* (1969), 252 Ind. 441, 249 N.E.2d 502.

> The court gave defendant's Instruction No. 1, which read:
> "Where testimony is directly conflicting and all versions as given to you, cannot be true, and there is reasonable doubt as to which evidence is true, it is your duty to accept that version which is consistent with the innocence of the defendant and find him not guilty."

In our opinion, Instruction No. 1 substantially covered the refused instruction, and no error is demonstrated under this issue.

The judgment of the trial court is affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 307 N.E.2d 286.