JAMES D. LINK v. SUN OIL COMPANY, A CORPORATION, THE FIRESTONE TIRE AND RUBBER COMPANY, A CORPORATION, LAYTON PHILLIPS, JOE MULL, LAYTON PHILLIPS AND JOE MULL, D/B/A PHILLIPS & MULL.

[No. 1-872A46. Filed June 5, 1974. Rehearing denied July 3, 1974. Transfer denied September 11, 1974.]

---

*James P. Buchanan,* of Lebanon, *Warren Buchanan,* of Rockville, *Williams & Williams,* of Covington, for appellant.

*James L. Crawford, Cox, Zwerner, Gambill & Sullivan,* of Terre Haute, for appellee Sun Oil Company; *Richard D. Wagner, Krieg, DeVault, Alexander & Capehart,* of Indianapolis, for appellee The Firestone Tire & Rubber Company; *John B. McFaddin,* of Rockville, for appellees Phillips and Mull.

LYBROOK, J.—Plaintiff-appellant, James D. Link, sought damages from defendant-appellees for personal injuries sustained in the explosion of the inner tube of a truck wheel assembly. From judgment on a jury verdict for defendants, Link appeals.

Link presents two alleged errors for review:

(1) Whether the trial court committed reversible error in refusing Link's tendered instruction No. 6.
(2) Whether the jury verdict in favor of defendant-appellee Phillips & Mull on the issue of strict liability is contrary to the evidence and contrary to law.

The pertinent facts of this case are as follows:

On April 16, 1967, plaintiff-appellant Link was employed by his brother-in-law, Charles Sentman, as a logger. On that day, while Sentman and Link were returning to Waveland, Indiana, from Brazil in Sentman's truck, a 1962 G.M.C. flatbed, they discovered that one of the tires on the rear axle had gone flat. Link, Sentman and Ernest Turner removed the tire, placed it in Sentman's pick-up truck, and drove to Phillips & Mull DX Station in Rockville to have the tire repaired. Link, testifying on his own behalf, and Sentman, testifying for the defense, stated that an unidentified employee of Phillips & Mull repaired the tire by installing a new tube. Contradictory testimony was given by Phillips & Mull's employees Charles Richardson and Benny Branson when they testified that they were both employed by Phillips & Mull on April 16, 1967, and that neither had repaired a truck tire on that day. Richardson further testified that when asked to repair the tire, he told Sentman that Phillips & Mull did not repair truck tires at all. Phillips testified that the Phillips & Mull Station had at one time carried truck tires and tubes, but had not done so since 1965. Phillips further stated that no truck tires or tubes were stored in the station and all employees had been instructed not to fix truck tires.

After the tire was repaired, Link, Sentman, and Turner returned to the truck and attempted to mount the wheel. When this attempt met resistance, Link obtained a six pound sledge hammer to facilitate the task. He struck the wheel rim twice, and on the second blow the tire exploded. Link sustained severe facial cuts and the loss of vision in one eye. Link testified that the wheel assembly was partially mounted when he used the sledge hammer but Sentman stated that the wheel assembly was laying on the ground and Link was standing on it when he struck it and it exploded.

The explosion was caused by a bent rim on the truck wheel assembly. Link contends that the rim was in a bent condi-

tion when he took the flat tire to the Phillips & Mull Station for repair. He further asserts that Phillips & Mull was aware of the condition of the rim when it repaired the tire and that the failure of Phillips & Mull to warn of the danger of explosion inherent in an inflated truck wheel assembly containing a defective rim holds them strictly liable for his injuries. To support this allegation Link presented evidence including written warnings given distributors and dealers by Firestone concerning the danger of explosion from inflating a truck tire assembly with bent or defective parts.

The defendants argued at trial that the rim was distorted by the force of the blows from the sledge hammer used by Link to mount the tire. Expert witnesses for the defendants testified that the rim, if struck with sufficient force, would bend thereby causing the tube to explode. The expert witnesses agreed that a sound blow from a sledge hammer could cause a previously faultless rim to bend.

## ISSUE 1.

Initially Link contends that the refusal of the trial court to give plaintiff's tendered instruction No. 6 was error. This instruction read:

"A product, although faultlessly made, may nevertheless be deemed 'defective' if it is unreasonably dangerous to place the product in the hands of the user without a suitable warning.

"A manufacturer, distributor, as well as a dealer must give adequate warning to the ultimate user of the product of any dangerous propensity which it knows or should have known would result in the type of accident which occurred."

Link submits that in the absence of this instruction the jury was not otherwise instructed that the defendants had a duty to warn him about the dangers of explosion inherent in an inflated truck wheel assembly containing bent or distorted parts.

However, the trial court gave plaintiff's tendered instruction No. 7, which read:

"The word 'defect' as used in these instructions, refers not only to the condition of the product itself, but may include as well the failure to give directions or warnings as to the use of the product in order to prevent it from being unreasonably dangerous. If directions or warnings as to the use of a particular product are reasonably required in order to prevent the use of such product from becoming unreasonably dangerous, the failure to give such warnings or directions, if any, renders the product defective, as that word is used in these instructions."

This court has consistently held that refusal to give a tendered instruction is not error if the propositions therein stated are amply covered by other instructions actually given, even if the refused instruction appears more appropriate than the instructions given. *Richmond Gas Corp.* v. *Reeves* (1973), 158 Ind. App. 338, 302 N.E.2d 795; *Southern Indiana Gas & Electric Co.* v. *Riley* (1973), 260 Ind. 643, 299 N.E.2d 173; *Dossett* v. *State* (1974), 159 Ind. App. 446, 307 N.E.2d 286.

In our opinion, instruction No. 7 substantially covered the propositions propounded in plaintiff's tendered instruction No. 6 and no error is demonstrated under this issue.

## ISSUE 2.

Link next contends that defendant-appellee Phillips & Mull is strictly liable and that therefore the jury verdict for this defendant is contrary to both the evidence and the law.

Before addressing Link's arguments on this issue we first observe that Link is appealing from a negative judgment. When confronted with such an appeal our courts have consistently held that an allegation by one saddled with the burden of proof at trial that the judgment rendered against him is contrary to the evidence or not supported by sufficient evidence raises no issue for review. A negative judgment may only be attacked as being contrary to law. *Dyer Construction Co., Inc.* v. *Ellas Construction Co.* (1972), 153 Ind. App. 304, 287 N.E.2d 262;

*Goff* v. *Graham* (1974), 159 Ind. App. 324, 306 N.E.2d 758; *Senst* v. *Bradley* (1971), 150 Ind. App. 113, 275 N.E.2d 573.

In determining whether a negative judgment is contrary to law, this court, as an appellate tribunal, neither weighs the evidence nor resolves questions of credibility of witnesses, but considers only the evidence most favorable to the appellees, together with all reasonable inferences deducible therefrom. It is only where the evidence leads to but one conclusion and the trial court has reached an opposite conclusion that the decision of the trial court will be disturbed as being contrary to law. *Sekerez* v. *Gary Redevelopment Commission* (1973), 157 Ind. App. 654, 301 N.E.2d 372; *Senst* v. *Bradley, supra.*

With these standards of review in mind, an examination of Link's arguments on this issue resolves the question in favor of appellees.

Link argues that Phillips & Mull is strictly liable under RESTATEMENT (SECOND) OF TORTS § 402A (1965),[1] because the evidence conclusively reveals:

(1) That Phillips & Mull sold the injury-causing tube;
(2) That the injury-causing tube was in defective condition when sold because Phillips & Mull failed to warn about the dangers of explosion inherent in an inflated truck wheel assembly containing defective parts; and
(3) That Link did not misuse the tube by striking the rim of the inflated wheel assembly with a sledge hammer.

---

1. RESTATEMENT (SECOND) OF TORTS § 402A (1965), reads as follows:

"§ 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer.

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

Before reviewing Link's argument that Phillips & Mull sold the injury-causing tube we must point out that a sale is not necessarily an element required to establish liability under § 402A. The word "sells" as contained in the text of § 402A is merely descriptive, and the product need not be actually sold if it has been injected into the stream of commerce by other means. The test is not the sale, but rather the placing in commerce. *Perfection Paint & Color Co.* v. *Konduris* (1970), 147 Ind. App. 106, 258 N.E.2d 681. Thus, for purposes of this appeal we shall construe Link's contention to be that Phillips & Mull injected the injury-causing tube into the stream of commerce by selling it.

Appellant contends that the evidence clearly established that Phillips & Mull sold the injury-causing tube. Link submits that appellees are bound by the testimony of *their* witness Charles Sentman, who stated that the tube was purchased from Phillips & Mull and that an employee of that station installed the new tube on the rim of the wheel assembly. As authority for this proposition Link cites *Devine* v. *Grace Construction and Supply Co.* (1962), 243 Ind. 98, 181 N.E. 2d 862.

In *Devine,* a project engineer in charge of repair work being done by appellee on a highway, and a deputy sheriff testified for the appellant as to the condition of the highway, the weather on the night in question, and the location, description and number of signs posted along the highway warning motorists of the construction in progress. Although this testimony was prejudicial, the court held appellant bound by it:

> "None of this evidence was withdrawn, explained or modified and the testimony of the deputy sheriff and the witness-Dunn, as above summarized, is unimpeached. They were appellant's own witnesses and under the circumstances here present he is bound by their testimony. *Burdon* v. *Wood* (1944), 7 Cir., 142 F.2d 303, 306 (Cert. denied, 323 U.S. 733, 89 L.Ed. 588, 65 S.Ct. 70); *Gramar Investment Co.* v. *Cumberworth* (1950), 120 Ind. App. 379, 382, 92 N.E.2d 736; 13 I.L.E., Evidence, § 329, p. 199; 32 C.J.S., § 1040(a), p. 1104." 243 Ind. at 105.

However, in the present case, Sentman's prejudicial testimony concerning the sale of the tube was contradicted by the testimony of appellees' witnesses Branson, Richardson, and Phillips. We therefore find Link's reliance on *Devine* misplaced and hold that appellees are not bound by Sentman's contradicted testimony concerning the sale of the tube.

Since appellees are not bound by Sentman's testimony, and since we must accept only that evidence concerning the sale of the tube most favorable to appellees, we are compelled to the conclusion that Phillips & Mull neither sold the tube nor repaired the tire. Appellant has therefore failed to demonstrate that appellees injected the injury-causing tube into the stream of commerce, and the jury verdict in favor of appellee Phillips & Mull on the issue of strict liability is not contrary to law.

Appellant having failed to demonstrate reversible error in the trial proceedings, judgment is hereby affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 312 N.E.2d 126.