STATE OF INDIANA *v.* OLIVE H. BOYLE.

[No. 1-675A107. Filed April 7, 1976. Rehearing denied May 7, 1976. Transfer denied September 22, 1976.]

*Theodore L. Sendak,* Attorney General, *Alan L. Crapo, Jr.,* Deputy Attorney General, for appellant.

*James W. Boswell, II, B. Michael McCormick, McCormick, Blumberg & Weber,* of Terre Haute, for appellee.

LYBROOK, J.—Defendant-appellant State of Indiana appeals from a judgment in favor of plaintiff-appellee Olive Boyle on Boyle's complaint for breach of lease. Presented for review are two issues:

(1)  Whether State was constructively evicted from the leased premises; and

(2)  Whether Boyle accepted a surrender of the lease.

The record reveals that on or about November 25, 1968, Boyle and State entered a lease agreement whereby State leased from Boyle certain premises located at Sixth and Margaret Streets in Terre Haute. The lease commenced on January 1, 1969, and was to continue for a period of three years. Monthly rental installments of $300 were payable by State in arrears.

State took possession on January 1, 1969, and no significant problems developed until January, 1970. On January 10, 1970, Boyle received a letter from State dated January 9, 1970, indicating that an unpleasant odoriferous condition existed in the leased premises and that if it was not corrected within twenty-four (24) hours from receipt of the letter, State would consider the lease breached and would vacate the premises.

Upon receipt of this letter, Boyle engaged a small boy to crawl under the leased building on January 11, 1970, in an effort to ascertain the cause of the odor. The boy found and removed a dead oppossum, which was disposed of. On January 12, 1970, Boyle had the building treated by a local pest control company in order to eradicate the residue of the odor. Nevertheless, on January 30, 1970, State completely vacated the leased premises and refused to pay rent thereafter. In a letter from Boyle to State dated February 28, 1970, Boyle demanded payment of rent for the month of February. In its response dated March 12, 1970, State refused to pay and indicated that no further rent would be paid. As a result, Boyle initiated this action for breach of lease and recovered a judgment of $6000.

I.

Initially State argues that it was constructively evicted from the leased premises and that the trial court therefore erred in granting judgment for Boyle. State's argument is predi-

cated upon the assumption that there exists an implied duty to repair on the part of Boyle and that Boyle's failure to remedy the odoriferous condition constituted a breach of that duty which in turn constituted a constructive eviction. We do not agree.

Our analysis of the problems herein compels the conclusion that it is unnecessary to decide whether an implied duty to repair exists in a commercial lease setting. Since State was asserting constructive eviction as an affirmative defense to Boyle's action for breach of lease, State clearly had the burden of proof on that issue. Ind. Rules of Procedure, Trial Rule 8(C). Thus, State's appeal on the issue of constructive eviction is from a negative finding which may only be attacked as being contrary to law. *Link* v. *Sun Oil Company* (1974), 160 Ind. App. 310, 312 N.E.2d 126. In determining whether a negative finding is contrary to law, this court neither weighs the evidence nor resolves questions of credibility of witnesses. Rather, we consider only the evidence most favorable to the decision of the trial court, together with all reasonable inferences flowing therefrom. It is only where the evidence and inferences so considered lead to but one conclusion and the trial court has reached an opposite conclusion that the decision below will be disturbed as being contrary to law. *Link* v. *Sun Oil Company, supra.*

Even assuming, without deciding, that an implied duty to repair exists in a commercial lease setting, we are constrained by our standard of review to reject State's argument concerning the alleged breach of that duty by Boyle. Clearly, if a duty to repair exists, a reasonable time to effect the necessary repairs also exists. *Handlesman* v. *Alberts* (1924), 196 Ind. 265, 145 N.E. 548; *Hendry* v. *Squier* (1890), 126 Ind. 19, 25 N.E. 830. Since Boyle removed the deceased oppossum and had the building treated by a local pest control company so as to eradicate any remaining odor within two days of receipt of State's demand letter, we are unable

to say as a matter of law that a breach of duty to repair, if any, occurred. There being no breach of any duty to repair, State's argument concerning the defense of constructive eviction necessarily fails.

## II.

Secondly, State argues that a surrender and acceptance occurred by operation of law since Boyle attempted to relet the premises after State's abandonment.

A similar argument was made by the appellant in *Hirsch* v. *Merchants National Bank & Trust Co.* (1975), 166 Ind. App. 497, 336 N.E.2d 833. Therein, this court recognized an obligation on the landlord to use such diligence as would be exercised by a reasonably prudent man under similar circumstances to relet the premises, if possible, in order to mitigate damages resulting from the tenant's breach of lease. We further noted that prior case law indicated that the question of surrender and acceptance by operation of law is to be determined on a case to case basis by reference to the acts of the parties. See, *Northern Ind. Steel Supply Co.* v. *Chrisman* (1965), 139 Ind. App. 27, 204 N.E.2d 668. Applying those principles to the case at bar, we are unable to say that the trial court erred in finding no surrender and acceptance. There was sufficient evidence to support the conclusion that Boyle and State did not mutually agree to consider the lease terminated on January 31, 1970. See, *Hirsch* v. *Merchants National Bank & Trust Co.,* *supra.*

No reversible error having been demonstrated, the judgment of the trial court is hereby affirmed.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 344 N.E.2d 302.