RAYMOND MCKINLEY LOHMAN *v.* STATE OF INDIANA.

[No. 1-1275A244. Filed June 3, 1976.]

*James L. Kiely,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *James N. Schumacker,* Deputy Attorney General, for appellee.

LYBROOK, J.—Dependant-appellant Lohman appeals from a conviction of entering to commit a felony, raising the following issues for review:

(1) Whether the prosecuting attorney was guilty of misconduct.

(2) Whether the trial court erred in refusing to give defendant's tendered instruction number 4.

(3) Whether the conviction was supported by sufficient evidence.

The evidence most favorable to the State reveals that on or about July 1, 1975, Officers Davies, Wilkins, Swallows and Willett, of the Evansville Police Department, were dispatched to a Red Bird Service Station in Evansville to investigate an alleged burglary. On their arrival they discovered the defendant standing behind a coke machine at the station. The officers observed the defendant start to squat down and further observed a pry bar drop to the ground at his feet.

The officers' investigation disclosed that one of the station's plexiglass windows was shattered, with broken pieces both inside and outside the station. Further investigaiton revealed two (2) eight-track tape cartridges lying on the floor inside the station, and a large box of tape cartridges outside the station on the east side of the lot.

Defendant was arrested and charged with second degree burglary. Trial by jury resulted in a verdict of guilty on the lesser included offense of entering to commit a felony. From a judgment entered on the verdict, defendant appeals.

## I.

Initially, defendant argues that the prosecuting attorney was guilty of misconduct by repeatedly bringing physical objects before the jury without introducing them into evidence. He therefore maintains that this undue influence on the jury requires that the judgment be reversed.

The items in question were in the court room during the first day of testimony. Both defendants and the prosecutor made specific reference to the items while examining witnesses. At no time during the first day of trial did defendant object to the presence of these items.

It was on the following day that he objected. The trial court properly ruled that defendant's motion to remove the objects was untimely since they had been before the jury and used by both counsel the previous day without objection. Objection should be made at the earliest possible opportunity to be timely. The court did not err since the failure to make a timely objection waives the question and the issue is not preserved for appeal. *Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E.2d 98; *Johnson* v. *State* (1972), 257 Ind. 682, 278 N.E.2d 577.

## II.

The defendant next contends that the refusal of the trial court to give his tendered instruction number 4 was error. The instruction read:

"You are instructed that it is not necessary for the State to prove the defendant's motive. If, however, you find the State has failed to prove a motive, and the failure is sufficient to raise a reasonable doubt in the minds of the jury as to the guilt of the defendant, it is your duty to find the defendant not guilty."

The first sentence of the instruction concedes that motive is not a necessary issue for the State to prove. *Dillard* v. *State* (1971), 257 Ind. 282, 274 N.E.2d 387, stated:

"A trial court refusal to grant tendered instructions will be reversed only if, considering the evidence in the case, the substance of the instruction was required to be given and was not adequately covered by other instructions actually given by the trial court."

Motive is not the substance of the instruction—reasonable doubt is. *Miller* v. *State* (1944), 223 Ind. 50, 58 N.E.2d 114. Since reasonable doubt was adequately covered by the other instructions it was not error for the court to refuse defendant's tendered instruction. *Richmond Gas Corporation* v. *Reeves* (1973), 158 Ind. App. 338, 302 N.E.2d 795; *Dossett* v. *State* (1974), 159 Ind. App. 446, 307 N.E.2d 286.

## III.

Finally defendant contends that the evidence was insufficient to support his conviction. When sufficiency of the evidence is raised on appeal, this court will not weigh the evidence nor determine the credibility of the witnesses. Rather we consider only the evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. *Gunn* v. *State* (1972), 258 Ind. 374, 81 N.E.2d 484; *Fuller* v. *State* (1971), 256 Ind. 681, 271 N.E.2d 720. The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Gunn* v. *State, supra; Fuller* v. *State, supra.* From the record we conclude that the evidence was sufficient to support the jury's verdict of guilt.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 348 N.E.2d 39.