ZOE A. BLANKENSHIP *v.* WALTER W. HUESMAN.

[No. 1-1076A197. Filed May 16, 1977.]

*John R. Hammond, Hammond, Cromer & Jackson,* of Indianapolis, for appellant.

*J. Lee McNeely, McNeely & Sanders,* of Shelbyville, for appellee.

ROBERTSON, C.J.—Plaintiff-appellant, Zoe A. Blankenship, appeals from a negative judgment entered on her claim against defendant-appellee, Walter W. Huesman, arising out of an automobile collision.[1]

Blankenship raises the following issues:

(1) Whether the judgment is contrary to the evidence.

(2) Whether the judgment is contrary to law.

(3) Whether the trial court erred in refusing to give certain instructions.

An automobile driven by Blankenship was struck by an automobile driven by Huesman at the intersection of Pike and Jackson Streets in Shelbyville. Traffic on Pike has no traffic signs or signals at this intersection, but traffic on Jackson is controlled by stop signs.

Blankenship was traveling northward on Pike Street at approximately 4:30 p.m. on September 26, 1974. She testified that she saw Huesman's automobile stopped at the stop sign on Jackson Street and saw his automobile coming toward her; she related that she attempted to avoid the collision but was unable to do so. Blankenship stated at trial that she could not remember how fast she was traveling. The investigating police officer testified that Blankenship reported her speed as approximately twenty miles per hour.

Huesman was traveling eastward on Jackson Street. He intended to cross Pike Street and continue on Jackson. Hues-

1. We direct appellant's attention to Rules 8.1(A) and 12(D) of the Indiana Rules of Appellate Procedure as guidance for the timely filing of a reply brief.

man testified that he made a complete stop at the intersection of Pike and Jackson and allowed a pedestrian to cross in front of his automobile. He looked first to the south and then to the north. Because a parked car blocked his view of the street, he pulled approximately one third of the way into the intersection and again looked to the south and to the north. He saw no traffic approaching the intersection on Pike Street. Huesman then drove into the intersection and struck Blankenship's automobile on the driver's side. Huesman testified that he was traveling two or three miles per hour at the time of the collision. The investigating police officer indicated that Huesman reported his speed as ten miles per hour. The officer also testified that he issued no traffic citations as a result of the collision.

Blankenship filed suit against Huesman and alleged that she had suffered personal injuries, lost wages, and medical expenses due to Huesman's negligent acts and omissions. Trial commenced July 19, 1976. On the following day, the jury returned a verdict for Huesman.

First we consider Blankenship's contention that the judgment is contrary to the evidence. Blankenship appeals from a negative judgment. She had the burden of proof at trial. Her allegation that the judgment is contrary to the evidence raises no issue for review. A negative judgment may be attacked only as being contrary to law. *Link* v. *Sun Oil Co.* (1974), 160 Ind. App. 310, 312 N.E.2d 126.

Next we consider Blankenship's contention that the judgment is contrary to law. When a judgment is attacked as being contrary to law, this court may neither weigh the evidence nor consider credibility of witnesses. *State* v. *Boyle* (1976), 168 Ind. App. 643, 344 N.E.2d 302. We may consider only the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom. *Longabaugh* v. *Johnson* (1975), 163 Ind. App.

108, 321 N.E.2d 865. It is only where the evidence and inferences so considered lead to but one conclusion and the trial court has reached a contrary conclusion that the judgment will be disturbed as being contrary to law. *State* v. *Boyle, supra.*

Violation of a duty prescribed by statute is generally negligence as a matter of law. Negligence as a matter of law, however, does not necessarily mean liability as a matter of law. *New York Central R.R.* v. *Glad* (1962), 242 Ind. 450, 179 N.E.2d 571. A party may counter this evidence of negligence by showing justification for his non-compliance (i.e., his acts were the acts of a reasonably prudent man under the same circumstances) or by showing that his violation of the statute was not the direct cause of the injuries or damages sustained. *Pontious* v. *Littleton* (1970), 146 Ind. App. 369, 255 N.E.2d 684; *McCall* v. *Sisson* (1975), 166 Ind. App. 403, 336 N.E.2d 660. Violation of a statutory duty then is only prima facie evidence of negligence, and the jury must resolve the issue. *McCall* v. *Sisson, supra.*

Huesman had a statutory duty to stop at the intersection and to yield the right-of-way to vehicles which were approaching so closely on Pike Street as to constitute an immediate hazard. IC 1971, 9-4-1-83(b) (Burns Code Ed.). Blankenship argues that the jury could only have concluded that Huesman either did not look or did look but failed to see an automobile within plain view. We do not agree with her conclusion that the evidence is clear, uncontradicted, and conclusive.

The jury could have concluded that Huesman acted with reasonable and ordinary care. His view was impaired by a parked car when he checked for traffic the first time. He stopped a second time, and again looked for approaching traffic. Even if Huesman's conduct were considered negligent, the jury could have concluded that Blankenship's speed was

excessive, under the circumstances, to the extent of constituting contributory negligence.

Summarily, we note also that there was evidence of a pre-existing back condition and a pre-existing urinary tract infection. Medical testimony did not conclusively establish the nature, extent, or permanency of injuries allegedly caused by the collision.

The jury served as the trier of fact. It had the benefit of observing the witnesses and viewing the diagram provided at trial. After considering all the evidence regarding the collision and the alleged injuries, it returned a verdict for Huesman. The evidence does not lead to but one conclusion. We find the judgment is not contrary to law.

Next we consider Blankenship's contention that the trial court committed reversible error when it refused her tendered instructions numbered 1, 2, 3, 4, 5, 7, and 10.

In the argument portion of her brief, Blankenship provides one paragraph in support of each refused instruction. Each such paragraph cites an authority for the principle of law or definition contained in the instruction, or states the purpose of the instruction, or provides both authority and an explanation of purpose. The balance of Blankenship's argument is summarized in the following excerpt from her brief:

> "Appellant contends that by reference to the foregoing authority it is clear that the appellant's tendered instructions, which were refused by the Court, were proper, and properly submitted. The Trial Court's refusal to give these instructions deprived the appellant of important aspects of her case. With the jury not being duly advised as to the degree of care and the duty required on the part of the appellee, and as to the accepted meaning of the words and tests which they were to apply to the evidence that had been presented, the appellant was deprived of an intelligent and informed determination of the evidence.
>
> "The jury herein was not fully apprised as to the standards that were to be applied, and *their decision could have been affected* significantly by this ignorance." (Emphasis added.)

Blankenship fails to address the fact that at least five and perhaps all seven of the tendered instructions to which she refers were refused because the trial court determined that their content was covered by other instructions given.[2]

It is incumbent upon Blankenship to do more than merely state principles of law and offer quotations from cited authorities. The contentions made must be applied to the particular facts so that this court may know precisely how Blankenship was harmed by the trial court's failure to give each of the refused instructions. We quote from *Indianapolis Transit System, Inc.* v. *Williams* (1971), 148 Ind. App. 649,. 656, 269 N.E.2d 543, 549:

> "[W]hen a judge refuses a tendered instruction which he could have given without committing error, harmful error should not be presumed and we should not reverse, unless we find that the refused instruction covers a relevant point on which the jury has not been otherwise instructed, or unless some other circumstance is shown which indicates a reasonable probability that the substantial rights of the complaining party have thereby been adversely affected."

The instruction which Blankenship lists in her brief as tendered Instruction No. 3 appears in the record as part of Preliminary Instruction No. 3, which the trial court did read to the jury. The trial court also gave Pattern Jury Instruction No. 1.07, nearly identical to Preliminary Instruction No. 3, at the conclusion of the trial. The trial court committed no reversible error with regard to tendered Instruction No. 3.

Blankenship's tendered instructions numbered 1, 2, and 4 differ so minutely from instructions given by the trial court (Pattern Jury Instructions 5.01, 5.03, and 5.81 respectively) that they do not warrant discussion.

Blankenship's tendered Instruction No. 5 is as follows:

> The Court instructs the jury that it was the duty of the defendant, Walter W. Huseman, [sic] as he approached

---

2. Tendered instructions numbered 1, 2, 4, 5, and 7 are marked "Refused —Covered"; No. 3 does not appear in the record; No. 10 is marked "Refused."

Pike Street to exercise ordinary care to avoid collision with any person or vehicle who might be lawfully using said street, and that duty included the duty of keeping a lookout and of operating his automobile so as to have it under such control that he might, by the exercise of ordinary care, avoid a collision with any person or vehicle who might be lawfully upon the street.

Blankenship states in her brief that the purpose of her tendered Instruction No. 5 was to inform the jury of Huesman's duty upon entering an intersection, as prescribed by the provisions of IC 1971, 9-4-1-83 (Burns Code Ed.). In an instruction given, the trial court read to the jury the very statute to which Blankenship refers. The trial court also gave the following instruction:

The driver of a motor vehicle has a duty to keep a lookout and that duty consists of using reasonable care in observing the street ahead and to the right and left and to anticipate the presence thereon of other vehicles.

A motorist is chargeable with negligence if he or she fails to discover a vehicle which he or she would have discovered in time to avoid the collision, if reasonable care in keeping a lookout had been exercised.

The jury was well instructed as to the duties of both parties.

Blankenship's tendered Instruction No. 7 is as follows:

The Court instructs you under the law of this state, the plaintiff, Zoe A. Blankenship, if she was lawfully upon Pike Street, had a right to assume the defendant would use and exercise ordinary care in the operation of his automobile and would obey traffic laws.

You are further instructed that until the plaintiff had reasonable notice or knowledge to the contrary, she had the right to act upon that assumption and you are further instructed that the plaintiff cannot be found guilty of negligence solely for relying upon that assumption, if you find that she did.

The trial court gave instructions explaining negligence and contributory negligence, defining reasonable and ordinary care on the part of both plaintiff and defendant, and explaining the duty of a driver to keep a lookout. Blankenship does not challenge the propriety of any of those instructions. She

neither favors this court with specific argument in support of her tendered Instruction No. 7 nor does she explain how she was harmed by the trial court's refusal to give the instruction. We will not presume that refusal of the tendered instruction was harmful error, *Indianapolis Transit System, Inc.* v. *Williams, supra.*

Blankenship's tendered Instruction No. 10 is as follows:

The Court instructs you that if you find that the plaintiff, prior to the occurrence in controversy, had arthritic changes in her cervical spine, which were latent, quiescent, non-disabling and non-symptomatic, and if you further find from the greater weight of the evidence that the collision in controversy aggravated such arthritic changes in plaintiff's cervical spine, if any, so as to cause them to become active, disabling and symptomatic, then the plaintiff is entitled to recover for such aggravated arthritic changes in her cervical spine, if any, if she has proved all of the other material averments of her complaint.

The trial court gave the following instruction:

If you find for Zoe A. Blankenship on the question of liability, you then must determine the amount of money which will fairly compensate Zoe A. Blankenship for those elements of damage which were proved by the evidence to have resulted from the negligence or wrongful conduct of Walter W. Huseman [sic]. You may consider:

\* \* \*

f. The aggravation of a previous injury, disease or condition.

You are to determine whether these elements of damage have been proved by a consideration of the evidence relating to damages. Your verdict must be based on that evidence and not on guess or speculation.

Although instruction read by the trial court does not provide the detail which the refused instruction offers, the jury was adequately guided on the subject of compensation for aggravation of a prior injury, disease, or condition.

The trial court did not commit reversible error when it refused tendered instructions numbered 1, 2, 3, 4, 5, 7, and 10.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 362 N.E.2d 850.