LESLIE L. REYNOLDS *v.* TOM MEEHAN, CARL GELHAUSEN D/B/A MIDWEST MANUFACTURING COMPANY

[No. 1-677A126. Filed May 15, 1978.]

*John D. Henry*, of Bedford, for appellant.

LYBROOK, P.J. — Leslie L. Reynolds (Reynolds) filed a claim in the Small Claims Division of the Lawrence County Court on April 12, 1976, against the only named defendant at that time, Tom Meehan (Meehan).

Reynolds asked that Meehan be required to replace or repair a portion of new roof which Meehan had sold to Reynolds. Reynolds alleged that repairs were needed to prevent additional leaking into his home, and he asked for costs of repair and for damages to the ceiling tile, paneling and carpeting as a result of the leaking roof. Subsequently, on May 19, 1976, at the direction of the trial court, Carl Gelhausen, who was doing business as Midwest Manufacturing Company (Gelhausen), was added as a party defendant.

Trial was held on July 22, 1976, and judgment was entered by the trial court which found in favor of Reynolds and against Meehan and Gelhausen in the sum of $1,295.16, court costs and witness fees.

Following the filing of petitions in proceedings supplemental and the

serving of an order on defendant Gelhausen, defendant Meehan filed his Motion to Correct Errors and Motion for Stay of Proceedings Supplemental.

A hearing was held on Meehan's Motion to Correct Errors on October 28, 1976, during which Meehan was permitted to introduce oral testimony as to his status as an agent of Gelhausen, such testimony being allowed over the repeated objections of Reynolds.

After taking the matter under advisement, the trial court ordered the prior judgment entered against Meehan to be "vacated, set aside and held for naught," while ordering the judgment entered against Gelhausen and Midwest Manufacturing Company to remain in full force.

Reynolds then filed a Motion to Correct Errors, which was denied, and thereafter filed a praecipe and brings this appeal.

Reynolds appeals from a negative judgment on his action against Meehan and it must be remembered that a negative judgment may be attacked only as being contrary to law. *Link v. Sun Oil Co.* (1974), 160 Ind. App. 310, 312 N.E.2d 126; *Blankenship v. Huesman* (1977), 173 Ind. App. 98, 362 N.E.2d 850. When a judgment is attacked as being contrary to law, this court on appeal may neither weigh the evidence nor consider credibility of witnesses. *State v. Boyle* (1976), 168 Ind. App. 643, 344 N.E.2d 302. We may consider only the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom. *Longabaugh v. Johnson* (1975), 163 Ind. App. 108, 321 N.E.2d 865. It is only where the evidence and inferences so considered lead to but one conclusion and the trial court has reached a contrary conclusion that the judgment will be distrubed as contrary to law. *State v. Boyle, supra; Blankenship v. Huesman, supra.*

The issues presented for our review include:

(1) Whether the principle of informality associated with a trial in a court of Small Claims allows disregard of Ind. Rules of Procedure, TR. 59(D)?

(2) Whether the amendment of judgment by the trial court is contrary to law?

First, Reynolds alleges that the amendment to the judgment by the trial court is contrary to law in that Meehan failed to substantiate his

allegations of error by means of affidavits attached to his (Meehan's) Motion to Correct Errors, as required by Indiana Rules of Procedure, TR. 59(D).

The requirements of TR. 59(D) necessitating that affidavits be filed come into play only when the Motion to Correct Errors is based upon evidence outside the record, and thus are not applicable here, where the record clearly shows evidence before the court at the time of trial concerning Meehan's status as an agent for Gelhausen and Midwest Manufacturing. The record included testimony from Mrs. Reynolds that she and her husband knew Meehan to be an "authorized agent" of the company, and that they communicated repeatedly with both Meehan, as salesman, and Gelhausen, as manager, concering the roof repairs which are the subject of this suit.

Meehan's Motion to Correct Errors and Motion for Stay of Proceedings Supplemental set forth specific allegations of error and the facts concerning his agency status upon which Meehan based his claimed error in judgment on the part of the trial court, in compliance with TR. 59(B), and we see no need for compliance with TR. 59(D).

Reynolds also asserts that the trial court erred in amending the original judgment, and that the amended judgment is contrary to law.

IC 1971, 33-10.5-7-2 governs the practice and procedure of the county courts and requires that the statute and Indiana rules of procedure as adopted by the Indiana Supreme Court shall apply with certain limited exceptions in the case of the small claims docket. Among the exceptions, IC 1971, 33-10.5-7-2(c) states:

"The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise." (Burns Code Ed.).

Statutorily, the small claims docket has been imbued with informality by the General Assembly, and we think the legislative intent was to make access to the judicial system easier and less expensive for the citizens of this State, particularly in actions involving small amounts. We consider it to be equally important

that the participants be provided with sufficient procedural protection to insure fairness and to make the actions of the courts more comprehensible to the parties litigant.

To that end, the statute demands that appeals from the judgment of the county court are to be taken in the same manner and under the same rules and statutes as cases appealed from the circuit courts. See IC 33-10.5-7-10. Thus a Motion to Correct Errors must be filed and considered by the trial court in compliance with the provisions of Indiana Rules of Procedure.

Under TR. 59(E), the trial court may grant appropriate relief from its original judgment if, based upon its consideration of the Motion to Correct Errors, it determines that prejudicial or harmful error has been committed. Sections 1 through 6 of TR. 59(E) set forth the different methods by which relief may be granted, while section 7 specifies the manner in which the appropriate action will be accomplished.

The text of TR. 59(E) is as follows:

"(E) Relief granted on motion to correct errors. The Court, if it determines that prejudicial or harmful error has been committed, shall take such action as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the issues:

(1)  Grant a new trial;

(2)  Enter final judgment;

(3)  Alter, amend, modify or correct judgment;

(4)  Amend or correct the findings or judgment as provided in Rule 52(b);

(5)  In the case of excessive or inadequate damages, enter final judgment on the evidence for the amount of the proper damages, grant a new trial, or grant a new trial subject to additur or remittitur;

(6)  Grant any other appropriate relief, or make relief subject to condition; or

(7)  In reviewing the evidence, the court shall grant a new trial it if determines that the verdict of a non-advisory jury is against the weight of the evidence; and shall enter judgment, subject to the provisions herein, if the court

determines that the verdict of a nonadvisory jury is clearly erroneous as contrary to or not supported by the evidence, or if the court determines that the findings and judgment upon issues tried without a jury or with an advisory jury are against the weight of the evidence.

*In its order correcting error the court shall direct final judgment to be entered or shall correct the error without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper*; and if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair. *If corrective relief is granted, the court shall specify the general reasons therefor.* When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the finding shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence." (Emphasis added).

In the case at bar, the trial court allowed Meehan to introduce additional testimony at the hearing on his Motion to Correct Errors, and later issued the following amended judgment which vacated the original judgment as to Meehan:

"Comes now the Court after having had this matter under advisement and the Court now being duly advised in the premises does find:

1.    This is a claim filed under the Small Claims Rules which provides [sic] that the trial of the cause shall be informal.

2.    That because the intention of the Legislature was to permit those not attorneys to represent themselves that a party is entitled to the substantive protection from rules of procedure without following the strict formality thereof.

3.    That the defendant's motion to correct errors should be sustained in order to give the defendant relief as provided to [*sic,* in] Ind. Trial Rule 59.

4. That the defendant is entitled to an amendment of judgment because that is the only remedy available to him.

THEREFORE, IT IS ADJUDGED AND ORDERED that the judgment in this cause heretofore entered against the defendant, Tom Meehan is now vacated, set aside and held for naught. IT IS FURTHER ORDERED that the judgment heretofore entered against Midwest Mfg. Co. and Carl Gelhausen is and shall remain in full force and effect.

So ordered this 7th day of December, 1976.

s/Linda L. Chezem

JUDGE, LAWRENCE COUNTY COURT"

The provision requiring general reasons to be given affords the litigants a statement of why the court has acted and makes a record sufficient for the court to review on appeal. The trial court here has failed to specify the general reasons for its actions as is required under TR. 59(E)(7), and we therefore reverse and remand this action to the trial court with instructions to bring its judgment in compliance with TR. 59(E)(7).

Having reached the above conclusions we decline to address additional issues raised by Reynolds in his Motion to Correct Errors.

Reversed and remanded with instructions.

Robertson and Lowdermilk, JJ., concur.

NOTE—Reported at 375 N.E.2d 1119.