Iola MUNSTER, Celestine Day, Nellie Boyd, Eline Connelly, Joel Timmons, Omega Carman, Raymond Timmons, Appellants,

v.

Robert MARCRUM, Jr., Executor of the Last Will and Testament of Naomi Miller, Deceased, Victor Stansberry, Robert Marcrum, Jr. and Irene Hartman, as Trustee named in the Last Will and Testament of said Decedent, Irene Hartman, Individually, Sassafras Grove Cemetery, Millersburgh M. E. Church, Appellees.

No. 1–778A211.

Court of Appeals of Indiana, First District.

Aug. 29, 1979.

Rehearing Denied Oct. 16, 1979.

Arthur Griffith, Evansville, for appellants.

Robert Kinkle, Evans & Kinkle, Evansville, for appellees.

LYBROOK, Judge.

Naomi Miller died a resident of Warrick County in October, 1975, and an instrument which purported to be her will was probated on November 3, 1975. Plaintiffs-appellants Iola Munster, Celestine Day, Nellie Boyd, Eline Connelly, Joel Timmons, Omega Carman and Raymond Timmons, brothers and sisters of Naomi, brought this action on December 29, 1975, against Robert Marcrum, Jr., executor, and the devisees under the will. They alleged that the will was invalid because Naomi was of unsound mind and under undue influence when the will was executed, and that the will was not properly executed under Ind.Code 29–1–5–3. Plaintiffs prayed that probate be revoked and the estate passed by the law of intestacy.

A jury trial resulted in a verdict for the defendants. Plaintiffs appeal and raise one issue for review:

Whether the verdict is supported by insufficient evidence and is contrary to law because there was no evidence to show that the will was properly executed under Ind.Code 29–1–5–3.

We affirm.

■ Plaintiffs had the burden of proof at trial[1] and, thus, are appealing a negative judgment which may be attacked only as being contrary to law. *Link v. Sun Oil Co.,* (1974) 160 Ind.App. 310, 312 N.E.2d 126.

"When a judgment is attacked as being contrary to law, this court may neither weigh the evidence nor consider credibility of witnesses. *State v. Boyle* (1976), Ind.App., 344 N.E.2d 302. We may consider only the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom. *Longabaugh v. Johnson* (1975), 163 Ind.App. 108, 321 N.E.2d 865. It is only where the evidence and inferences so considered lead to but one conclusion and the trial court has reached a contrary conclusion that the judgment will be disturbed as being contrary to law. *State v. Boyle, supra.*" *Blankenship v. Huesman,* (1977) Ind.App., 362 N.E.2d 850, 852.

Plaintiffs specifically allege that there was no evidence that Naomi signified to the attesting witnesses that the instrument was her will or that, in the presence of attesting witnesses, Naomi herself signed the instrument or acknowledged her signature already made.

Ind.Code 29–1–5–3 requires the testator to signify to at least two attesting witnesses that the instrument is his will and, in their presence, either sign the will, acknowledge his signature already made, or at his direction and in his presence have someone else sign his name for him.

The record shows the following evidence relevant to the issue at hand. Testimony at trial by the two attesting witnesses, Margaret and Larry Bische, was to the effect that Naomi's signature was already on the instrument when it was brought to them by Naomi's husband; that Naomi was present when they signed both the instrument in question and her husband's will, when her husband referred to the instruments as "our wills", and when the Bisches asked if they should read the wills before signing and were told by Naomi's husband that it wasn't necessary; but that Naomi did not expressly signify that the instrument was her will nor expressly acknowledge the signature as hers. The only persons present when the Bisches signed the will were the Bisches, Naomi and Naomi's husband who died two months later.

Also admitted into evidence was the instrument itself which contained the following language immediately after Naomi's signature:

"*The foregoing instrument was signed, published and declared by said Naomi Miller, as and for her Last Will and Testament, in our presence, and in the pres-*

1. Ind.Code 29–1–7–20: "In any suit to resist the probate, or to test the validity of any will after probate, as provided in section 717 [29–1– 7–17] of this Code, the burden of proof shall be on the contestor."

*ence of each of us*, and we, at the same time, at her request, in her presence and in the presence of each of us, hereunto subscribed our names as attesting witnesses this 11 day of June, 1971." (Emphasis added.)

Immediately following this attestation clause were the signatures of the two attesting witnesses. Both witnesses testified that they read this language before they signed the instrument.

 Also admitted into evidence was a verified affidavit executed by Margaret Bische on November 3, 1975, entitled "Proof of Will (By Subscribing Witness)." It contained Margaret's averment that, in relation to the June 11, 1971, will, "such decedent signified that such instrument was his/her Last Will and Testament, and duly executed same, in the presence of the subscribing witnesses thereto, . . ."[2]

 Whether the necessary formalities for a valid will have been complied with is a question of fact for the jury if the evidence warrants such submission. 29 I.L.E. *Wills* § 150 (1960); *Potts v. Felton*, (1880) 70 Ind. 166. The testimony of the two attesting witnesses at trial contradicted the substance of the attestation clause from the will and the affidavit. This conflict in the evidence presented a question of fact for the jury. *See In re Houda's Estate*, (1956) 76 S.D. 388, 79 N.W.2d 289; *In re Swords' Estate*, (1955) 129 Mont. 165, 284 P.2d 674.

The evidence most favorable to the verdict is clearly the attestation clause from the will and the affidavit. The jury evidently weighed the conflicting trial testimony of the two witnesses and found it unpersuasive. The evidence does not lead to but one conclusion opposite that reached by the jury. · Therefore, the verdict is not contrary to law.

2. Plaintiffs attempt to argue to this court that the attestation clause from the will and the affidavit should not be considered as substantive evidence for various reasons. Plaintiffs themselves introduced a certified copy of the will and the affidavit into evidence; thus, they

The judgment is affirmed.

Affirmed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.

cannot challenge the use of these exhibits as substantive evidence.