**Paul A. FITCH, Appellant–Plaintiff,**

**v.**

**Virginia I. MAESCH, Individually and as Special Administrator of the Estate of Hazel B. Canady, Deceased, and Warren Lee Fitch, Appellees–Defendants.**

No. 83A05–9610–CV–441.

Court of Appeals of Indiana.

Jan. 13, 1998.

Keith L. Johnson, Johnson Simonson & Himes, Terre Haute, James O. Hanner, Hanner Hanner & Hanner, Rockville, for Appellant–Plaintiff.

John B. Buchanan, James P. Buchanan, Buchanan & Buchanan, Lebanon, for Appellees–Defendants.

1. Buchanan passed away in January, 1994.

## OPINION

SHARPNACK, Chief Judge.

Paul Fitch appeals the trial court's judgment admitting the last will and testament of Hazel B. Canaday to probate. Fitch raises two issues for our review which we expand and restate as:

(1) whether the probate of the will could be supported by testimony on the habit and routine practice of Canaday's deceased attorney;

(2) whether the probate of the will could be supported where an attesting witness lacks memory as to aspects of the execution of the contested will but acknowledges her signature under the will's attestation clause which states that the requirements were met; and

(3) whether the trial court properly admitted Canaday's will to probate.

We affirm.

The facts most favorable to the judgment follow. On July 1, 1987, Canaday executed her last will and testament at her home. Warren Buchanan, Canaday's attorney, and Thelma Gianotti, Canaday's neighbor, witnessed the execution of the will.[1] Canaday, Buchanan, and Gianotti each signed the will on each page of the document. In addition, Buchanan and Gianotti signed the envelope in which the will was sealed.

The will appointed Virginia Maesch and Buchanan as executors and trustees of Canaday's estate. In addition, the will provided for Maesch and Warren Fitch, Canaday's brother, as beneficiaries. The will did not provide for Paul Fitch, Canaday's other brother.

Canaday passed away on August 19, 1994. On September 1, 1994, Fitch filed verified objections to probate. On September 6, 1994, Maesch offered Canaday's last will and testament for probate, and the will was impounded per I.C. § 29–1–7–16. Thereafter, Fitch filed his "Complaint to Resist Probate of Will, After Filing of Objections." Record, p. 5. On April 9, 1996, the trial court conducted a trial on the merits. On July 2, 1996, the trial court ruled that the document offered

for probate was the last will and testament of Canaday and admitted the will to probate. Fitch now appeals the trial court's ruling.

■ In a will contest, the contestor who objects to the probate of a will or tests the validity of a will after probate bears the burden of proof. I.C. § 29–1–7–20. As Fitch is appealing a negative judgment, the judgment of the trial court will only be reversed if it is contrary to law. *In re Funk*, 654 N.E.2d 1174, 1176 (Ind.Ct.App.1995), *trans. denied.* Our supreme court has held that in an appeal of a negative judgment:

> "the trial court will be affirmed unless all evidence leads to the conclusion that the trial court's findings are clearly erroneous and against the logic and effect of the facts ... In determining whether the findings of fact are clearly erroneous, an appellate court will not reweigh the evidence or determine the credibility of witnesses, but considers only the evidence that supports the judgment and the reasonable inferences to be drawn from the evidence. Only where the record contains no facts or inferences supporting the trial court's findings are the findings clearly erroneous."

*In re Banko*, 622 N.E.2d 476, 480–481 (Ind. 1993), *reh'g denied.*

Fitch contends the will was not executed as required by law. The law requires that:

> "[t]he execution of a will, other than a nuncupative will, must be by the signature of the testator and of at least two (2) witnesses as follows:
>
> (1) The testator, in the presence of two (2) or more attesting witnesses, shall signify to them that the instrument is the testator's will and either:
>
> (A) sign the will ...
>
> * * * * *
>
> (2) The attesting witnesses must sign in the presence of the testator and each other."

I.C. § 29–1–5–3(a). The attestation clause found in Canaday's will reads as follows:

> "The above and foregoing instrument, consisting of three (3) typewritten pages, was signed, sealed, published and declared by the said Hazel B. Canaday as and for her last will and testament, in the presence of us who, at her request and in her presence and in the presence of each other, have hereunto set our names as subscribing witnesses to the due execution of this will at Clinton, Indiana, this 1st day of July, 1987."

Record, p. 572. As described in the attestation clause, the execution of Canaday's will would satisfy the statutory requirements under I.C. § 29–1–5–3. Nonetheless, Fitch challenges the validity of the will.

## I.

■ The first issue for our review is whether the probate of the will could be supported by the testimony as to Buchanan's habit and routine practice in supervising the execution of the wills of his clients. Specifically, Fitch contends that the court could not use Buchanan's habit as proof of the execution of Canaday's will. Therefore, he argues that the trial court improperly admitted the testimony of Patricia Laney, Buchanan's secretary, over his relevancy objection.[2]

■ Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind. R.Evid. 401. A trial court's decision regarding the admission of evidence will be accorded a great deal of deference. *Tynes v. State*, 650 N.E.2d 685, 687 (Ind. 1995). In addition, a trial court has the discretion to determine the admissibility of evidence which is only marginally relevant. *Bates v. State*, 650 N.E.2d 754, 756 (Ind.Ct. App.1995). We will disturb the trial court's ruling on matters of relevancy only where there is an abuse of discretion. *Conway v. Evans*, 549 N.E.2d 1092, 1094 (Ind.Ct.App. 1990). The party appealing the trial court's ruling on a relevancy question bears the

---

**2.** As a preliminary matter, the appellees-defendants argue that Fitch waived any right to contest the will on the ground of undue execution of the will. Appellee's brief, p. 7. As we affirm the trial court's judgment, we do not address whether Fitch waived his right to contest the will on this ground.

burden of showing that the trial court's ruling was clearly erroneous and prejudicial. *Id.* Rule 406 of the Indiana Rules of Evidence provides that evidence of the "habit of a person ... is relevant to prove that the conduct of the person ... on a particular occasion was in conformity with the habit." [3] Evid.R. 406.

Here, the evidence of Buchanan's habit in supervising the execution of wills is relevant to show that he supervised the execution of this will in conformity with that habit. Laney testified that she worked for Buchanan for sixteen years. During that time, she witnessed more than 500 wills with Buchanan. In addition, she typed wills for Buchanan "just about every day." Record, p. 559. As a result, Laney became aware of Buchanan's habit and routine practice in supervising the execution of the wills of clients which she explained to the court during her testimony. Specifically, Buchanan would have the testator and the two witnesses present at the same time. In addition, at the time the will was to be signed, the testator and witnesses would talk about the will and its contents. Furthermore, each of the three would sign the will while the remaining two witnessed the signature. The will would contain an attestation clause stating that it had been signed, sealed, published and declared by the testator to be a will in the presence of the witnesses. Finally, the will would be placed in a sealed envelope. Laney testified that she could not recall a time when Buchanan did not follow this routine practice.

Laney testified that Canaday was a client of Buchanan. She stated that Buchanan maintained a filed on Canaday and that she remembered him visiting Canaday several times. She also stated that the envelope which contained Canaday's will was that of Buchanan's firm and that Buchanan's signature was on the envelope. As Buchanan was the attorney present when Canaday's will was executed, his habit is relevant to show that he supervised the execution of this will in conformity with that habit. *See Salis v. United States*, 522 F.Supp. 989, 995 (M.D.Pa. 1981) (holding a physician's testimony concerning his normal practice was relevant for evidentiary purposes); *Meyer v. United States*, 464 F.Supp. 317, 320 (D.Colo.1979), *aff'd* 638 F.2d 155 (10th Cir.1980) (holding a health care provider's testimony regarding his habit of giving standard advice to patients was admissible).

Despite this, Fitch contends that the testimony regarding Buchanan's habit is not relevant, and therefore inadmissible, because the testimony was not about Buchanan's habit under the precise circumstances of this case (i.e. where Buchanan's secretary or wife were not one of the subscribing witnesses). Fitch places too fine a point on the matter. The supervision of the execution of wills is the conduct in question and the evidence is relevant to prove how Buchanan supervised the execution of Canaday's will. The evidence regarding Buchanan's habit demonstrates that his habit was to have a will executed as recited in the attestation clause. Additionally, Laney authenticated Buchanan's signature as an attesting witness to the will. Therefore, we conclude that the trial court properly admitted Laney's testimony regarding Buchanan's habit and routine practice in executing the wills of his clients.

## II.

The second issue for our review is whether the probate of the will could be supported where Gianotti lacks memory as to aspects of the execution of the contested will but acknowledges her signature under the will's attestation clause which states that the requirements were met. Fitch argues that the will could not be probated because Gianotti, as the only remaining testamentary survivor of the will, could not identify or attest to the alleged will. He cites I.C. § 29–1–7–9, which states that a

"will shall be proved by one (1) or more of the subscribing witnesses, *or* if all of them are dead, out of the state, or have become incapacitated for any reason since attesting the will, then the will shall be admitted to probate upon proof of the handwriting of the testator or of one (1) of the subscribing witnesses"

---

**3.** Evid.R 406 is identical to Federal Rule of Evidence 406.

before being admitted to probate. I.C. § 29–1–7–9 (emphasis added).

While it is true that Gianotti's testimony left some questions as to what occurred during the execution of Canaday's will, she did authenticate her signature found on each page of the will, including one below the attestation clause.[4] She also recalled that the purpose of the document had something to do with providing Warren Fitch with part of Canaday's assets (as the will in fact did in part). We have previously held that where testimony of the attesting witnesses contradicts the substance of the attestation clause from the will, the conflict presents a question of fact for the jury. *Munster v. Marcrum,* 182 Ind.App. 20, 393 N.E.2d 256, 258 (1979). Thus, to the extent there was conflict between the recital of the attestation clause and the testimony of the attesting witness, it was for the trial court to resolve.

■ In considering the evidence most favorable to the judgment, the record contains both facts and inferences which support the trial court's findings. Specifically, the attestation clause from the will,[5] the executed envelope, and the testimony of Laney as to Buchanan's habit and routine practice when executing wills are supportive. The trial court weighed the conflicting testimony of Gianotti and found it unpersuasive. Thus, the findings are not "clearly erroneous and against the logic and effect of the facts." *See In Re Banko,* 622 N.E.2d at 480–81. Therefore, on this issue, we must affirm the trial court's judgment. *See id.*

### III.

The final issue for our review is whether Canaday's will was properly admitted to probate. Specifically, Fitch contends that the trial court's judgment was not supported by the evidence.

■ When special findings of fact and conclusions of law are entered by the trial court, we are limited in our review to determining whether the evidence supports the trial court's findings and whether those findings support the trial court's judgment. *Coffin v. Hollar,* 626 N.E.2d 586, 589 (Ind.Ct. App.1993). Special findings and the judgment flowing therefrom will be set aside only if they are clearly erroneous. *Id.* We will neither reweigh the evidence nor judge the credibility of the witnesses when determining whether the findings and the judgment are clearly erroneous. *Id.* We will reverse the trial court only if the record is "devoid of facts or inferences to support them." *Id.*

The trial court found the following:[6]

"38. Based upon attorney Buchanan's signature under the attestation clause, the evidence of his habit and routine practice, Mrs. Gianotti's signature on the envelope, and Mrs. Gianotti's testimony indicating she was aware of the purpose of the document being signed, the Court finds that the Will was sufficiently published and signified by Hazel B. Canaday as her last will and testament.

39. The Court further finds that the Will was executed by Hazel B. Canaday in the presence of two disinterested witnesses, and that the witnesses executed the will in the presence of Hazel B. Canaday, and in the presence of each other. The Court draws no inference to the contrary from Mrs. Gianotti's lack of memory on this subject.

---

**4.** At her deposition, she testified that she signed the document in the presence of Canaday but could not remember if anyone else was in the room. In addition, she could not remember whether Canaday signed the document in her presence or whether anyone else was in the room when Canaday signed it. She also testified she did not know the instrument was a will.

**5.** The will was admitted into evidence without objection from Fitch except as to its validity as a will. Fitch agreed at the time the instrument was admitted that it was an executed document that purported to be a will. The attestation clause, as part of the instrument admitted, was evidence of what occurred at the time of execution.

**6.** We have quoted only those findings Fitch challenged. In addition, we exclude those challenged findings which can be said to be encompassed by those quoted. In his brief, Fitch claimed that the evidence did not support findings of fact numbers 19, 38, 39, 57 and 66. Fitch also claimed that findings of fact numbers 38, 61 and 66 were contrary to law.

\* \* \* \* \*

61. Plaintiff has failed to prove by a preponderance of the evidence that the execution of the Will, dated July 1, 1987 was not executed by Hazel Canaday in the presence of two disinterested witnesses, that the witnesses did not sign the will in her presence and in the presence of each other, and that Hazel B. Canaday did not signify that she was executing her will.

\* \* \* \* \*

66. The document offered for probate to this court on September 6, 1994 as the Last Will and Testament of Hazel B. Canaday, is, in fact, the Last Will and Testament of Hazel B. Canaday."

Record, pp. 19, 269, 272, 273. In essence, each of the findings of fact which Fitch challenges conclude that Canaday's will was properly executed, authenticated, and admitted to probate. From what we have already written, it is apparent that the evidence was sufficient to support the findings.

Fitch claims that there is "no evidence whatsoever that Hazel Canaday in fact executed her Last Will and Testament on July 1, 1987." Appellant's brief, p. 20. However, the evidence supports the finding that Canaday executed her will on July 1, 1987. First, the document offered as her will is signed and dated July 1, 1987. Second, the document is clearly marked "LAST WILL AND TESTAMENT." Record, p. 572. Third, Gianotti identified her own signature on the will, Maesch identified both Canaday's and Gianotti's signatures on the will, and Laney identified Buchanan's signature on the envelope and will. This evidence supports the trial court's finding that Canaday executed the will as testator and that Buchanan and Gianotti executed the will as witnesses since they all three signed each page of the document. Fifth, Buchanan and Gianotti signed below the attestation clause on the third page of the will. Finally, the will, the attestation clause, the signatures, and the envelope are consistent with the habit and routine practice which Buchanan used when executing his clients' wills.[7] Finally, the attestation clause describes the execution of Canaday's will as in conformity with the law.

For the foregoing reasons, we affirm the trial court's judgment in all respects.

Affirmed.

RUCKER and HOFFMAN, JJ., concur.

---

7. We note that Fitch did not challenge the competency or disinterest of the attesting witnesses.

Therefore, these assumptions are not at issue.