AMERICAN STATES INSURANCE
COMPANY, Appellant
(Defendant Below),

v.

Beverly MORROW, Appellee
(Plaintiff Below).

No. 1–1179A292.

Court of Appeals of Indiana,
First District.

Sept. 11, 1980.

Rehearing Denied Oct. 17, 1980.

Jeffery R. Frank, Cox, Mitchell, Staser & Frank, Evansville, for appellant.

Sydney L. Berger and Robert L. Bartelt, Jr., Berger, Berger & Bartelt, Evansville, for appellee.

ROBERTSON, Presiding Judge.

Beverly Morrow (Morrow) initiated this action against American States Insurance Co. (American States), when American States failed to pay according to a policy provision contained in group insurance poli-

cy issued to the City of Evansville, Indiana. The trial court found in favor of Morrow. We affirm.

Morrow's husband was a fireman with the Evansville Fire Department. He died as a result of a myocardial infarction (heart attack) which occurred due to smoke inhalation he experienced while fighting a fire within the course of his employment. Following his death, an autopsy revealed that the deceased also suffered from arteriosclerotic heart disease. Prior to the heart attack, however, Morrow's husband never experienced any symptoms associated with the disease and testimony revealed that he led a physically active life.

The coverage portion of the policy issued to the City of Evansville provided that payment would be made: "If any individual suffers a loss specified below, directly and independently of all other causes as a result of bodily injury effected solely through external violent and accidental means. . ." The policy also contained a limitation that benefits would not be paid for death or other loss resulting directly or indirectly "(g) from bodily or mental infirmity or disease in any form. . . ."

American States argues on appeal that: the trial court erred in denying its motions to dismiss, tendered both after Morrow's presentation of evidence and at the close of all the evidence; there was insufficient evidence to support the verdict and that it was contrary to law because the arteriosclerotic heart disease was a proximate cause of death and would therefore be excluded by the limitation on coverage, and; the trial court erred in reading three instructions tendered by Morrow, two of which dealt with proximate cause and one of which covered items admitted as true by American States.

■ A directed verdict is proper only where some or all of the issues in the case are not supported by sufficient evidence or a verdict thereon is clearly erroneous. Indiana Rules of Procedure, Trial Rule 50; *Or-*

*tho Pharmaceutical v. Chapman,* (1979) Ind. App., 388 N.E.2d 541; *Keck v. Kerbs,* (1979) Ind.App., 395 N.E.2d 845. Also, when a party presents evidence on its behalf, any error in overruling a prior motion to dismiss is waived. *Ortho Pharmaceutical v. Chapman, supra* ; *American Optical Co., U. S. v. Weidenhamer,* (1980) Ind.App., 404 N.E.2d 606. From our review of the record, we find sufficient evidence to sustain the decision. There was no error in overruling American States's motions to dismiss.

The gravamen of American States's argument on appeal centers upon a determination of the proximate cause of death. American States contends that the arteriosclerotic heart disease suffered by Morrow's husband was a proximate cause of the myocardial infarction, even if it was not the *sole* proximate cause. American States argues that therefore, the death was excluded from coverage. American States cites as support for this reasoning, testimony by the pathologist who performed the autopsy. The pathologist testified that based on a reasonable degree of medical certainty, Morrow's husband died of arteriosclerotic heart disease.

We do not agree with American States's reasoning. Basically, because of the conflicting testimony, much of what American States argues is a question of the sufficiency of the evidence to support the verdict, and given the well recognized standard of appellate review, we will view only that evidence most favorable to Morrow. In addition to the testimony cited by American States, there was further testimony that the ventricular tachycardia resulted from the smoke inhalation and the physical exertion required to fight the fire, and this precipitated the myocardial infarction. Even American States's own witnesses agreed that the smoke inhalation could have been a precipitating factor of the heart attack. Therefore, the question then becomes, given the conflicting testimony, whether the mere presence of arteriosclerotic heart disease, which might eventually

result in death, is sufficient to bring the death within the limitation of the policy coverage. We do not believe that it is. This question is resolved by a determination of what is meant in such a situation by the proximate cause of death.

Both parties cite *Prudential Insurance Co. of America v. Van Wey*, (1945) 223 Ind. 198, 59 N.E.2d 721, as authority for their positions although they reach opposite conclusions.

In *Van Wey*, the beneficiary's decedent developed hydrostatic pneumonia as a complication from medical treatment for a broken hip sustained in a fall. The insured died from the pneumonia, but the court recognized that the disease was the natural result of necessary treatment of the broken hip, which in turn was admittedly the result of a fall. In reaching the probable cause question, the court declared; "The fall set in motion the events which culminated in her death. The fall, therefore, was the proximate cause of the insured's death and in determining liability in a case of this kind it is the proximate cause which is controlling." 223 Ind. at 202, 59 N.E.2d at 722 [Citations omitted].

The next question faced by the court in *Van Wey*, was whether the fall was effected through accidental means or whether the fall resulted directly or indirectly from bodily infirmity or disease. In *Van Wey*, the court found that the deceased had suffered recent spells of dizziness and weakness, and that therefore, the court could not say the fall resulted from solely accidental means. In this case, however, Morrow's husband never experienced any prior problems with his heart, and there was expert testimony that persons with worse arteriosclerotic heart disease often live much longer than Morrow's husband without experiencing any difficulty. Consequently, on this latter point, *Van Wey* is clearly distinguishable.

■ The standard for proximate cause established by *Van Wey, supra*, however, is relevant to the case and consistent with holdings both in this state and other jurisdictions. In *Graham v. Police and Firemen's Ins. Ass'n.*, (1941) 10 Wash.2d 288, 116 P.2d 352, the Supreme Court of Washington declared that "where disease merely contributes to the death or accident, after being precipitated by the accident, it [the disease] is not the proximate cause of the death or injury, nor a contributing cause, within the meaning of the terms of the policy." 166 P.2d at 355. The Washington court further determined that the law does not require a person to be in perfect health at the time of the accident. We agree with this reasoning and find it determinative of the issue in this case. To require a person to be in perfect health at the time of the accident would be an absurdity, rendering the policy virtually useless. The critical question becomes what event set in motion, the chain of events leading to the death. For example, if a disease caused weakness and dizziness which resulted in a fall which resulted in a death, although the fall would be the proximate cause of death, a showing of this prior medical history would reveal that in actuality, the disease set in motion the chain of events leading to the fall and the death. However, when there is no evidence of prior medical trouble and the disease appears latent or in a remedial stage, the fall itself may be found to have set in motion the chain of events resulting in the death. *See Brown v. Metropolitan Life Ins. Co.*, (1959) Mo., 327 S.W.2d 252, and cases cited therein; *Continental Casualty Co. v. Lloyd*, (1905) 165 Ind. 52, 73 N.E. 824; *Kokomo Life & Accident Ins. Co. v. Wolford*, (1929) 90 Ind.App. 395, 167 N.E. 156; *Carter v. Aetna Life Insurance Co.*, (1940) 217 Ind. 282, 27 N.E.2d 75.

■ From our review of the record, we find sufficient evidence to sustain the jury's determination that the smoke inhalation was the proximate cause of Morrow's husband's death, and that the inhalation set in motion the chain of events which resulted in his demise. In *Continental Casualty Co. v. Lloyd*, 165 Ind. at 64, 73 N.E. at 828, our

supreme court, defining proximate cause declared:

> The law will not go farther back in the line of causation than to find the active, efficient, procuring cause, of which the event under consideration is a natural and probable consequence in view of the existing circumstances and conditions. The law does not consider the cause of causes beyond seeking the efficient predominant cause, which, following it no farther than those consequences that might have been anticipated as not unlikely to result from it, has produced the effect. An injury which might naturally produce death in a person of a certain temperament or state of health is the cause of his death, if he dies by reason of it, even if he would not have died if his temperament or previous health had been different; and this is so as well when death comes through the medium of a disease directly induced by the injury, as when the injury immediately interrupts the vital processes.

There was no error in the decision below which found the smoke inhalation to be the proximate cause of death, notwithstanding the deceased's arteriosclerotic heart disease.

■ We next turn to the three instructions American States claims were given in error. The first instruction consisted of thirteen (13) facts which American States admitted as true in its response to Morrow's request for admissions. American States contends that the facts admitted do not tend to prove or disprove any fact at issue and were confusing and prejudicial to the jury. There is no citation to any authority for this proposition, and we see no merit in the argument. American States admitted the facts to be true. The instruction properly told the jury what facts had been admitted as true and that they were to accept the facts as true. The facts presented related directly to the action being tried and the policy at issue. There was no error.

■ The next two objections relate to proximate cause. Both of American States's objections were that the instructions were an incorrect statement of Indiana law with respect to proximate cause. Morrow's instruction number three stated:

> An injury may be said to be the sole producing or proximate cause of death when it stands out as the predominating factor in causing death. An active, efficient force that sets in motion a train of events which brings about a result without the intervention of any force from a new and independent source may be regarded as the direct, proximate and sole cause of death.

> Therefore, if you find from a preponderance of the evidence, that the smoke inhalation sustained by John Morrow set in motion the train of events that solely resulted in his death, your verdict may be for the plaintiff, Beverly Morrow.

Instruction number four stated:

> If you find from a preponderance of the evidence that John Morrow had a condition of arteriosclerosis which had developed prior to his death, you are instructed that if said condition merely contributed to his death, after being precipitated by accidental means, it is not a proximate cause of death.

> It is only necessary that the plaintiff prove by a preponderance of the evidence that the accidental means, smoke inhalation sustained by John Morrow, was the sole direct and proximate cause of his death.

> The fact that John Morrow may have had a preexisting condition or physical infirmity, arteriosclerosis, that was [a] necessary condition to his death does not alone deprive the accidental means of smoke inhalation of its distinction as the sole proximate cause of death.

It is clear that not all applicable principles of law need be stated in one instruction, and that the instructions must be read as a whole in order to glean their impact. *Grad v. Cross*, (1979) Ind.App., 395 N.E.2d 870. Based upon our above discussion of proximate cause and our reading of the other

instructions given by the court on proximate cause, we find Morrow's instructions numbers three and four to be a correct statement of Indiana law as it relates to proximate cause and the language of the insurance policy at issue in this action.

Finding no error in the proceedings below, the judgment of the trial court is affirmed.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.