Sandra K. BERGER and Terry Lee Berger, Plaintiffs-Appellants,

v.

Paula K. PETERSON, Personal Representative of the Estate of Norma Jean Falk, Deceased, Defendant-Appellee.

No. 3–285A34.

Court of Appeals of Indiana, Third District.

Oct. 22, 1986.

---

David B. Keller, Baker, Daniels & Shoaff, Fort Wayne, for plaintiffs-appellants.

Thomas W. Belleperche, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for defendant-appellee.

GARRARD, Judge.

Plaintiffs-appellants, Sandra and Terry Berger (Bergers) appeal a negative judgment for defendant-appellee, Paula K. Peterson (Peterson). Peterson is the personal representative of the estate of Norma Jean Falk. Falk was killed when her vehicle collided with an automobile driven by Sandra Berger.

The collision which gives rise to this action occurred at approximately 8:45 a.m. on December 21, 1981. Mrs. Berger was traveling north on U.S. 33 in Allen County and Falk was driving south. Mrs. Berger is the only surviving occurrence witness. She testified that before the collision she saw an automobile coming at her sideways, partially in her lane. It was not disputed that the impact did occur in Mrs. Berger's lane.

Based upon this evidence, the Bergers asserted two violations of Indiana motor

vehicle statutes: first that Falk was driving too fast for existing conditions in contravention of IC 9–4–1–57, and second that Mrs. Falk crossed the centerline in violation of IC 9–4–1–63. Peterson, on behalf of Falk's estate, denied these allegations of negligence and contended that the collision was the result of conditions beyond her control and therefore any statutory violation was excused.

At trial evidence was introduced which disclosed that on the date and time of the collision the roads were icy, temperatures were below freezing, and the area near the accident was experiencing blowing snow. As a result, Falk's lane was snow covered and snow drifts existed on the west side of her lane. The Bergers called several experts who indicated that in their opinion skids and slides of this type do not occur without driver error. No evidence of any specific driver error was presented, however, and none of the Bergers' experts offered any opinion as to the cause of the collision. One of Peterson's experts testified that not all skids and slides are caused by driver error. Furthermore, Peterson's witness, Carl Thelin, offered the only specific explanation of the collision. Mr. Thelin stated that Falk may have struck a mound of snow which deflected her vehicle and caused her to lose control.

On August 9, 1984, the jury returned a verdict in favor of Peterson as personal representative of Falk's estate and against the Bergers. On appeal, the Bergers raise the following issues:

I. Whether the verdict of the jury is contrary to law;

II. Whether it was error to modify plaintiffs' tendered instruction No. 6 and give it as Final Instruction No. 20;

III. Whether it was error to modify plaintiffs' tendered instruction No. 2 and give it as Final Instruction No. 16.

We affirm.

## I.

The Bergers initially contend that the verdict was contrary to law. Specifically they claim that they established that Falk violated a statute which is prima facie evidence of negligence, and that Peterson failed to present sufficient evidence to rebut this presumption of negligence. The record reveals that at the time of impact, part of Falk's vehicle was across the centerline. The pertinent part of the applicable statute provides as follows:

"Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows: ...." (None of the statutory exceptions are applicable to the facts of this case.)

IC 9–4–1–63. We acknowledge that Falk violated this statute. *See Pitts and Jones v. Stewart* (1964), 138 Ind.App. 102, 105, 186 N.E.2d 800, 802.

By violating the duty imposed by IC 9–4–1–63, Falk is presumed to have acted negligently. *Town & Country Mut. Ins. Co. v. Hunter* (1984), Ind.App., 472 N.E.2d 1265, 1270. However, the presumption is rebuttable and Peterson, as Falk's representative, had the burden of coming forward with the necessary evidence. *Reuille v. Bowers* (1980), Ind.App., 409 N.E.2d 1144, 1152. It is now settled that a person may excuse or justify the violation of a statute in a civil case for negligence by sustaining the burden of showing that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law. *Reuille* at 1154; *see also Davison v. Williams* (1968), 251 Ind. 448, 242 N.E.2d 101. *Reuille* made clear this is a more lenient standard than required by earlier Indiana cases when the violator, in order to excuse or justify his actions, had to show that it was impossible to comply with the statute either because of an emergency not of his own making or circumstances over which he had no control. *Reuille* at 1154. *See also Larkins v. Kohlmeyer* (1951), 229 Ind. 391, 98 N.E.2d 896.

In light of this more lenient standard, Peterson presented sufficient evidence to

rebut the presumption of negligence. It is undisputed that Carl Thelin offered the only opinion as to the cause of the collision. He explained that due to the weather conditions on the day in question, blowing and drifting snow resulted across part of Falk's lane. Therefore, Falk may have been "hugging" the centerline in order to avoid these drifts. When she saw the oncoming vehicle, she was forced into the drifting snow. Falk may have struck a densely packed mound of snow which deflected her vehicle causing it to skid into Mrs. Berger's lane.

Nonetheless, the Bergers contend this is insufficient because weather conditions of themselves may not operate to excuse a statutory violation. They cite three out-of-state cases for this proposition.[1] However, these cases were decided under a standard similar to the early Indiana cases concerning the proof necessary to rebut the presumption of negligence. In these cases, it was incumbent upon the defendant to show that the skid and resultant position of the decedent's car on the wrong side of the highway at the time of the collision was accomplished without negligence on the decedent's part. *See Murphy* at 100 N.E.2d 663. *Reuille* has clearly held that in Indiana, a defendant need only show that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances. *Reuille* at 1154. A total absence of driver error was not required. In this case, enough evidence was introduced to create a question for the jury as to whether Falk acted reasonably. The question was not whether Falk committed a driving error. It was whether she committed a driving error that would not have been committed by a reasonable driver using ordinary care under the circumstances. *See Reuille* at 1156.

■ At that point, the Bergers no longer derived any benefit from the presumption of negligence. When the opponent of the presumption has met the burden of production, the function of the presumption has been performed; the presumption has no further effect and drops from the case. *Sumpter v. State* (1974), 261 Ind. 471, 474, 306 N.E.2d 95, 99. At trial, the Bergers relied solely upon the violation of the statute and upon testimony from their experts, which in essence stated that all skids and slides are caused by driver error. However, no evidence of excessive speed or any specific driver error was ever presented, and none of the Bergers' experts offered any opinion as to how the Falk vehicle got into Mrs. Berger's lane. The jury was, therefore, entitled to believe Mr. Thelin's testimony. When reviewing an assignment of error that a jury verdict is contrary to law, it is the responsibility of this court to determine whether or not, giving effect to the evidence most favorable to the appellee and all reasonable inferences which might be drawn therefrom, reasonable minded men could not have arrived at the same decision. *Bassemier v. Sartore* (1964), 137 Ind.App. 139, 145, 201 N.E.2d 285, 288. Since we cannot say that reasonable minded men could not have reached this same decision, the verdict of the jury is not contrary to law.

## II.

■ Next the Bergers contend that the trial court erred in modifying their tendered instruction No. 6 and giving it as Final Instruction No. 20. Final Instruction No. 20 reads as follows:

"You are instructed that if you find from a preponderance of the evidence that Norma Jean Falk ·operated her vehicle in violation of any of the statutes which are applicable here, and that the violation was without excuse or justification such conduct would constitute negligence on the part of Mrs. Falk...."

The trial court modified this instruction by adding the words "and that the violation was without excuse or justification." The Bergers contend it was error to give this

---

**1.** *Murphy v. Kumler* (1951), 344 Ill.App. 287, 100 N.E.2d 660; *Young v. Hendricks* (1939), 226 Iowa 211, 283 N.W. 895; *Oechsle v. Hart* (1967), 12 Ohio St.2d 29, 231 N.E.2d 306.

instruction without defining the terms "excuse" or "justification."[2]

■ Initially, we note when error is predicated upon the giving or refusing of an instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections. Appellate Rule 8.3(A)(7). The failure constitutes waiver. *Austin v. Thrapp* (1983), Ind. App., 444 N.E.2d 867. Since neither the instruction nor the objection was set out verbatim, this allegation has been waived.

■ Furthermore, a party cannot complain of the incompleteness of an instruction if the instruction is a correct statement of law, as far as it goes, and the complaining party does not tender a more complete instruction. *Taylor v. Cty. of Monroe* (1981), Ind.App., 423 N.E.2d 699, 701; *Thornton v. Pender* (1978), 268 Ind. 540, 533, 377 N.E.2d 613, 622. The above instruction is correct as far as it goes. *See Larkins v. Kohlmeyer* (1951), 229 Ind. 391, 98 N.E.2d 896, where the Supreme Court approved the excuse or justification exception to the statutory negligence rule. *See also Davison v. Williams, supra.* Therefore, since the Bergers failed to tender definitions of excuse or justification, they cannot now complain of the instruction's incompleteness. *Mireles v. State* (1973), 261 Ind. 64, 67, 300 N.E.2d 350, 351.

### III.

■ Lastly, the Bergers argue that it was error to modify their tendered instruction No. 2 and to give it as Final Instruction No. 16. The instruction reads as follows:

"If you find that the deceased driver, Norma Falk, failed to operate her vehicle reasonably and prudently in light of the weather, road and atmospheric conditions at the time and place of the accident, then you may find that the defendant was negligent."

The trial judge substituted the word "may" for "must" in the above instruction and the Bergers claim this allowed the jury to find that Falk breached the duty of care and yet still not find her negligent.[3]

Instructions must be read as a whole in order to glean their impact. *American States Ins. Co. v. Morrow* (1980), Ind.App., 409 N.E.2d 1140, 1143. Reading the instructions together, we do not believe the jury was mislead. In Instruction No. 14, the jury was instructed that the failure to exercise reasonable care under the circumstances "constitutes negligence." Moreover, in Instruction No. 20 the jury was instructed that if it found that Falk operated her vehicle in violation of one of the statutes, "such conduct would constitute negligence." Therefore, we believe the jury was adequately instructed on what conduct would constitute negligence on the part of Falk.

We affirm.

STATON, P.J., and HOFFMAN, J., concur.

---

2. The Bergers cite *Carbon v. Johnson* (1967), 141 Ind.App. 369, 228 N.E.2d 52 where a similar instruction was properly refused because excuse and justification were not defined. The mere fact that a tendered instruction might be properly refused by the trial court does not mean that reversible error is committed in the giving of such an instruction. *Chaffee v. Clark Equipment Co.* (1985), Ind.App., 480 N.E.2d 236, 240.

3. Again the Bergers have failed to comply with Appellate Rule 8.3(A)(7) and again this argument has been waived. Furthermore, no authority is cited for the proposition that the above modification constituted error.