Michele M. STEPANEK,
Appellant–Plaintiff,

v.

Jeffrey A. DURBIN, Appellee–Defendant.

No. 12A05–9309–CV–333.

Court of Appeals of Indiana,
Fifth District.

Sept. 21, 1994.

Transfer Denied Dec. 22, 1994.

Steven T. Parkman, Sweeney & Pfeifer, South Bend, for appellant.

James R. Fleming, Simmons & Fleming, Kokomo, for appellee.

BARTEAU, Judge.

Michele M. Stepanek appeals from a negative judgment in her personal injury action against Jeffrey A. Durbin. The three issues presented by Stepanek relate to the instruction of the jury. We reverse.

### FACTS

On a January morning in 1989, Stepanek and Durbin were both driving northbound on U.S. 31. It was rainy and foggy, with the rain gradually turning to ice. After observing southbound vehicles flashing their headlights for a mile or two, Stepanek came upon an accident in the roadway. She saw that several cars were involved, including a semitrailer on its side with its flashers on. Stepanek was able to pull to the side of the road and stop approximately 200 feet before the accident.

Approximately 30 seconds after Stepanek pulled to the side of the road, Durbin's vehicle collided with hers. Durbin had also observed the southbound vehicles flashing their lights and had seen the cars in distress ahead of him. He continued driving and when the car in front of him swerved, he reacted in order to avoid hitting it. His reaction caused him to collide with Stepanek's vehicle.

Stepanek sued Durbin for her personal injury and the jury returned a verdict in favor of Durbin. Stepanek appeals.

### STEPANEK'S INSTRUCTIONS

■ The trial court refused Stepanek's tendered instructions No. 3 and 7. In considering whether any error results from refusal of a tendered instruction, we consider 1) whether the tendered instruction correctly states the law, 2) whether there is evidence in the record to support giving the instruction, and 3) whether the substance of the instruction is covered by other instructions which are given. *Picadilly, Inc. v. Colvin* (1988), Ind., 519 N.E.2d 1217, 1219.

### Instruction No. 3

Stepanek tendered the following Instruction No. 3, which was properly signed with citation to authority affixed:

You are further instructed that, at all time [sic] pertinent to the controversy before you, there was in full force and effect a statute of the State of Indiana which provided, in pertinent part, as follows:

9–4–1–57 Speed; due care; maximum limits Sec. 57. (a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards, then existing. In every event speed shall so be restricted as may be necessary to avoid colliding with any person, or vehicle or other conveyance on or near, or entering a highway in compliance with legal requirements and with the duty of all persons to use due care . . .

(c) The driver of every vehicle shall, consistent with the requirements of paragraph (a), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions.

In the State of Indiana, an act which is performed in violation of a statute is presumptively an act of negligence, but the presumption is not conclusive and may be rebutted by showing that the act was justi-

fiable or excusable under the circumstances. a [sic] person who violates a statute, however, has the burden of showing by a fair preponderance of the evidence that such violation was excusable or justifiable and until such presumption has been so rebutted it is conclusive.

■ Instruction No. 3 is a correct statement of the law. Numerous Indiana cases have held that violation of a motor vehicle statute creates a rebuttable presumption of negligence which may be overcome by evidence that the driver, even though violating the statute, acted as a reasonably prudent person would act under the circumstances. *See e.g., Kurowsky v. Deutsch* (1989), Ind., 533 N.E.2d 1210 (failure of bicyclist to yield right-of-way to vehicles on public street while entering street from private driveway in violation of I.C. 9–4–1–14(c) and 9–4–1–94 is *prima facie* negligence); *Larkins v. Kohlmeyer* (1951), 229 Ind. 391, 98 N.E.2d 896 (violation of traffic statute is generally negligence *per se;* however, there may be facts and circumstances which will excuse a technical violation of an ordinance or statute and render it improper for the court to declare as a matter of law that such violation constitutes actionable negligence); *Northern Indiana Transit v. Burk* (1950), 228 Ind. 162, 89 N.E.2d 905 (violation of statute requiring vehicles to be stopped or parked parallel with and within 12 inches of right-hand curb constitutes *prima facie* evidence of negligence); *Claxton v. Hutton* (1993), Ind.App., 615 N.E.2d 471 (violation of a motor vehicle statute—in this case I.C. 9–21–8–31, failure to yield the right-of-way—creates a rebuttable presumption of negligence).

■ Durbin contends Instruction No. 3 was not a correct statement of the law because there is not an appellate opinion approving the exact language contained in Instruction No. 3. He attempts to distinguish the cases cited by Stepanek by pointing out minute differences in terminology employed. He fails, however, to point to anything in Instruction No. 3 which is not a correct statement of the law.

■ Because Instruction No. 3 is a correct statement of the law, we next examine whether there is evidence in the record supporting the giving of the instruction. The statute enunciated in Instruction No. 3 addresses the requirement that a driver reduce speed in certain instances, including during hazardous weather. There was evidence that the weather was indeed hazardous on the morning of the collision and that Durbin was unable to maintain control of his vehicle when the car in front of him lost control. From this evidence, the jury could have determined that Durbin did not sufficiently reduce his speed in accord with the weather conditions.

Durbin contends that the court's refusal to give Instruction No. 3 was justified because "[t]he court in refusing to give Instruction No. 3 may well have believed that Durbin's speed had nothing to do with the cause of this accident." This determination, however, was a matter of fact for the jury to decide, not a judgment call for the court. The evidence supported the giving of the instruction.

The third inquiry is whether the substance of Instruction No. 3 was covered by other instructions. It was not. The jury was in no way instructed that there was a statutory requirement that a driver reduce speed in certain instances and that a violation of the statute constituted a *prima facie* showing of negligence, shifting the burden to the defendant to justify his actions.

■ Because Instruction No. 3 was a correct statement of the law, was supported by the evidence and was not covered by the other instructions, the trial court erred in not tendering it to the jury. Durbin contends that even if it was error to not so instruct the jury, Stepanek was not harmed by the trial court's error. Contrary to Durbin's assertion, we are unable to say that Stepanek was not harmed by the court's failure to give Instruction No. 3 to the jury. Had the jury known that there was a statutory requirement to reduce speed in hazardous weather, they might have determined that Durbin violated the statute. In that event, the burden would have shifted to Durbin to excuse his behavior. Obviously, a plaintiff deprived of a burden shifting instruction is harmed. The court's refusal to give Instruction No. 3 re-

quires that the judgment be reversed and remanded for a new trial.

### Instruction No. 7

■ Instruction No. 7, properly signed and with citation to authority affixed, was submitted by Stepanek. It read:

It is the duty of Jeffrey Durbin, while operating a motor vehicle on a public roadway, to keep a reasonable and proper lookout for other vehicles upon the roadway and to maintain such control over his vehicle that he could readily operate or stop it to avoid a collision and possible injury. It is his responsibility to see what he could have seen had he exercised due care under the circumstances. If you find that he failed to keep a proper lookout or control over his vehicle, such a failure would constitute negligence on his part.

The trial court refused to give Instruction No. 7 in its entirety and instead modified it to read:

It is the duty of a driver, while operating a motor vehicle on a public roadway, to keep a reasonable and proper lookout for other vehicles upon the roadway.

Durbin does not contend that Instruction No. 7 was an incorrect statement of the law but contends instead that it was covered by other instructions, namely Instructions 5 and 6. Neither Instruction 5 nor Instruction 6 informs the jury of Durbin's duty to keep control of his vehicle or that breach of the duty to keep a reasonable lookout and control of his vehicle amounts to negligence. Instruction No. 10 comes closest to expressing this concept, but deals with the duty of every driver to exercise the same care as an ordinary prudent person, not the duty to keep a reasonable lookout or control of your vehicle.

Instruction No. 7 was a correct statement of the law, supported by the evidence, and not covered by other instructions. The trial court erred in refusing to give Instruction No. 7.

### SUDDEN EMERGENCY INSTRUCTION

■ Stepanek contends that the trial court erred in giving Durbin's tendered instruction on sudden emergency. The instruction provided:

When a person is confronted with a sudden emergency not of his own making without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. Accordingly, if he exercises such care as an ordinarily prudent person would exercise when confronted with a similar emergency, he is not liable for an injury which results from his conduct, even though another course of conduct would have been more judicious or safer or might even have avoided the collision and injury.

In the case, if you should find from the evidence the defendant, Jeffrey A. Durbin, was confronted with a sudden emergency and that he then pursued a course of action that an ordinarily prudent person would have pursued when confronted with the same or similar emergency, but the collision nevertheless occurred, then the defendant is not negligent.

Stepanek contends that the evidence established that Durbin had time to make a decision whether to stop or slow down when he saw the accident and because he had time to decide what to do, instructing the jury on the sudden emergency doctrine was error.

To the contrary, Durbin presented evidence that the sudden emergency he encountered was a car in front of him losing control. His evidence supported the inference that he had no time to reflect on the best course of action and thus instruction on sudden emergency was appropriate.

The case is reversed and remanded for retrial.

SHARPNACK, C.J., and HOFFMAN, J., concur.