Brandy D. **STANIFER**, Appellant–
Plaintiff,

v.

Travis G. **WRIGHT**, Appellee–
Defendant.

No. 77A01–0305–CV–182.

Court of Appeals of Indiana.

April 14, 2004.

Larry J. Wagner, Wagner Crawford Gambill & Trout, Terre Haute, IN, Attorney for Appellant.

Shannon L. Robinson, Kelley Belcher & Brown, Bloomington, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Judge.

Brandy Stanifer appeals the trial court's judgment in favor of Travis Wright after a jury returned a verdict for Wright on Stanifer's negligence claim. She contends that the jury's verdict was contrary to law. We affirm.

The facts most favorable to the trial court's judgment follow. On April 30, 1999, Wright was driving to Sullivan High School. At approximately 7:45 a.m., he was driving east on Thomas Street, approaching the intersection of Thomas Street and West Street. The intersection of Thomas Street and West Street is a two way stop, and a stop sign directs drivers traveling east and west on Thomas Street to stop. There is no stop sign for drivers traveling north and south on West Street. Driving east on Thomas Street, Wright failed to stop at the stop sign at the corner of Thomas Street and West Street, and he struck a vehicle traveling north on West Street, causing the vehicle to hit a telephone pole. Stanifer was a passenger in the vehicle that Wright struck, and, after the accident, paramedics transported Stanifer to the hospital where she received five stitches in her forehead.

Later that day, after Stanifer had returned from the hospital, she discovered a large bruise on her right thigh. Approximately nine months after the accident, Stanifer saw Dr. Mark Lynch because the bruise on her thigh had not healed and continued to cause her pain. After one month of treatment, Dr. Lynch referred Stanifer to Dr. Gary Rusk. At the time of the trial, Stanifer had been seeing Dr. Rusk for approximately three years, and although the medication and treatment helped, they did not completely alleviate the pain in Stanifer's leg.

On October 23, 2001, Stanifer filed a complaint, alleging that Wright had been negligent and caused the automobile accident that occurred on April 30, 1999. During the jury trial, Wright admitted that he failed to stop at the stop sign but argued that he did not stop because the sun was blinding him and prevented him from seeing the stop sign. Wright also testified that he had only driven through the intersection of Thomas Street and West Street on a couple of prior occasions, but he acknowledged that the sun was not blinding his vision the entire time he was ap-

proaching the intersection. Stanifer argued that, even assuming the sun was blocking Wright's vision, he had driven on Thomas Street before, was familiar with the intersection, and knew that there was a stop sign on the corner of Thomas Street and West Street. The jury found for Wright, and Stanifer appealed.

 A party appealing from a negative judgment can only attack the trial court's decision as contrary to law. *Blankenship v. Huesman,* 173 Ind.App. 98, 100, 362 N.E.2d 850, 852 (1977). When a judgment is attacked as being contrary to law, we may neither reweigh the evidence nor judge the credibility of witnesses. *Id.* "It is only where the evidence and inferences so considered lead to but one conclusion and the trial court has reached a contrary conclusion that the judgment will be disturbed as being contrary to law." *Id.* at 101, 362 N.E.2d at 852.

Stanifer argues that the jury's verdict is not supported by the evidence and is contrary to law. Specifically, she argues that because Wright violated Ind.Code § 9–21–8–32 (1992), he is presumed to have acted negligently, and she insists that Wright's conduct is not excusable or justifiable. Wright argues that the evidence admitted during the trial supports the jury's verdict. He also suggests that Stanifer's argument is merely an invitation to reweigh the evidence and judge the credibility of witness. We agree.

We addressed a similar issue in *Berger v. Peterson,* 498 N.E.2d 1257 (Ind.Ct.App. 1986), *reh'g denied.* There, Berger was driving north on a state highway and Falk was traveling south on the same state highway. *Id.* Falk crossed over the centerline and struck Berger. *Id.* Falk died in the accident, and Berger filed a complaint against Falk's estate, alleging that Falk's negligence caused the accident. *Id.* at 1257–1258. Specifically, Berger alleged

two violations of Indiana motor vehicle statutes, first, Falk was driving too fast for existing conditions, and second, Falk crossed the centerline. *Id.* at 1258. The estate argued that the collision was the result of conditions beyond Falk's control and, therefore, any statutory violation was excused. *Id.* During the trial, the estate presented evidence that on the date and time of the collision, the roads were icy, temperatures were below freezing, and the area near the accident was experiencing blowing snow. *Id.* The jury returned a verdict in favor of the estate and against Berger. *Id.*

On appeal, we acknowledged that Falk had violated the section of the Indiana Code, which required her to drive on the right half of the roadway, and by violating the duty imposed by the Indiana Code, Falk was presumed to have acted negligently. *Id.* at 1258. We also recognized that the presumption of negligence was rebuttable, and the estate had the burden of rebutting the presumption. *Id.* We noted, "[i]t is now settled that a person may excuse or justify the violation of a statute in a civil case for negligence by sustaining the burden of showing that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." *Id.* (citing *Reuille v. Bowers,* 409 N.E.2d 1144, 1152 (Ind.Ct.App.1980)). We held that the estate presented sufficient evidence to rebut the presumption of negligence, and the jury's verdict was not contrary to law. *Id.*

 Likewise, here, we acknowledge that Wright violated Ind.Code § 9–21–8–32, which provides, "A person who drives a vehicle shall stop at an intersection where a stop sign is erected at one (1) or more entrances to a through highway that are not a part of the through highway and proceed cautiously, yielding to vehicles

that are not required to stop." Because Wright violated a duty imposed by the Indiana Code, he is presumed negligent. *Berger*, 498 N.E.2d at 1258. However, this presumption is also rebuttable, and Wright had the burden of rebutting this presumption. *Id.* During the trial, Wright presented evidence that on the morning of the accident the sun blinded his vision as he crossed the intersection of Thomas Street and West Street and prevented him from seeing the stop sign. He also presented evidence that he was unfamiliar with the intersection of Thomas Street and West Street and had only driven though the intersection one or two times in the past.

Stanifer merely invites us to judge the credibility of Wright's testimony, which we cannot do. Although Stanifer insists that Wright's conduct is not excusable or justifiable, Wright had the opportunity to rebut his presumption of negligence, which he did. The jury was presented with sufficient evidence to conclude that Wright did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law. Accordingly, Wright presented sufficient evidence to rebut the presumption of negligence, and the jury's verdict is not contrary to law. *See, e.g., Blankenship*, 173 Ind.App. at 102, 362 N.E.2d at 852 (holding that although the defendant violated a duty prescribed by the Indiana Code, he sufficiently rebutted

the presumption of negligence, and the trial court's judgment was not contrary to law).

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

VAIDIK, J., concurs.

MATHIAS, J., dissents with separate opinion.

MATHIAS, Judge, dissenting.

I respectfully dissent. But I do so from an unusual perspective which I feel should be disclosed. I was one of the attorneys who represented the plaintiff-appellant in *Berger v. Peterson*, 498 N.E.2d 1257 (Ind. Ct.App.1986) almost twenty years ago. I have not recused myself from this case because its result cannot benefit or harm my former client. I write in dissent because I believe *Berger v. Peterson* and before it, *Blankenship v. Huesman*, 173 Ind.App. 98, 362 N.E.2d 850 (1977), were wrongly decided.[1]

It is undisputed that Wright was presumed to have acted negligently when he failed to stop at a stop sign in violation of Indiana Code section 9–21–8–32. However, that presumption of negligence may be rebutted by evidence that Wright acted as a reasonably prudent person would act under the circumstances. *Osterloo v. Wallar*, 758 N.E.2d 59, 63 (Ind.Ct.App.2001), *trans. denied* (citing *Stepanek v. Durbin*,

---

1. In its opinion the majority relies primarily on *Berger v. Peterson* and *Blankenship v. Huesman*. In those cases, the issue was whether the verdict was contrary to law, the same issue presented in this case. In the last twenty-five years, in cases discussing the rebuttable presumption of negligence, our court has rarely been called upon to determine whether a verdict was contrary to law. More often, this rebuttable presumption of negligence is discussed in cases where challenges to instructions or the grant or denial of summary

judgment are raised. *See e.g. Osterloo v. Wallar*, 758 N.E.2d 59, 63 (Ind.Ct.App.2001), *trans. denied* (genuine issues of fact precluded entry of summary judgment); *Stepanek v. Durbin*, 640 N.E.2d 429, 430 (Ind.Ct.App. 1994), *trans. denied* (the trial court abused its discretion when it refused Plaintiff's tendered instructions concerning the rebuttable presumption of negligence); *Claxton v. Navarro*, 615 N.E.2d 471, 475 (Ind.Ct.App.1993); *Fankboner v. Schubert*, 431 N.E.2d 856, 857 (Ind.Ct.App.1982).

640 N.E.2d 429, 431 (Ind.Ct.App.1994), *trans. denied* ).

Indiana Code section 9–21–5–1 provides: "[a] person may not drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing." Ind.Code § 9–21–5–1 (1992). Further, pursuant to section 9–21–5–4, when weather or highway conditions create a hazard, the driver of a vehicle is required to "drive at an appropriate reduced speed." Ind.Code § 9–21–5–4 (1992).

At trial, Wright testified that he had driven through the intersection where the accident occurred one or two times within a few days of the accident.[2] Tr. p. 88. He also admitted that he was aware that there was a stop sign at the intersection. Tr. p. 91. Further, he stated, and the photographs introduced at trial established, that Thomas Street is a straight road and there is nothing in or near the roadway to obstruct an eastbound driver's view of the stop sign. Tr. p. 88; Ex. Vol., Plaintiff's Exs. 9 and 10. Wright also testified that he was traveling approximately twenty to twenty-five miles per hour and the sun was in his eyes "pretty much the whole time" he was traveling eastbound on Thomas Street.[3] Tr. pp. 89, 92. I believe that this evidence leads to but one conclusion: Wright was negligent as a matter of law.

Wright admitted that he could not see because he was blinded by the sun. However, instead of reducing his speed, deploying his visor to shield his eyes, and/or pulling his car over to the side of the road, Wright continued to drive eastbound on Thomas Street at approximately twenty to twenty-five miles per hour. Wright provided no justification for continuing to drive or for failing to reduce his speed even though he was unable to see the roadway. Therefore, I believe no reasonable juror could conclude that Wright acted as a reasonably prudent person would act under these circumstances.

Perhaps, the jury's verdict was one seeking to advise that it was not convinced of plaintiff's case on damages. If so, a verdict of liability with minimal, if any, damages would have been legally defensible. But I believe it to be the rare and difficult duty of the presiding judge to step in and take corrective action, through additional instruction to the jury or under Trial Rule 59, when presented with a defendant's verdict on liability like the verdict at issue in this case.

For all of these reasons, I would reverse and remand for a new trial.

---

2. The majority states that Wright "presented evidence that he was unfamiliar with the intersection of Thomas Street and West Street and had only driven through the intersection one or two times in the past." Slip op. at 5. It is worth noting that Wright testified that he had obtained his driver's license approximately one week before the accident and had driven through that intersection one or two times within a week of the accident. Tr. pp. 84, 88.

3. Wright traveled eastbound on Thomas Street for approximately one to two blocks before the accident occurred. Tr. pp. 88–89.